ARRINGTON BROTHERS & COMPANY *v.* FLEMING.

An agistor is bound to exercise ordinary diligence for the safety of the live stock entrusted to his care.   What constitutes such diligence in a given case is a question for the jury, and evidence that others, presumably men of ordinary prudence, acted in the same manner as the defendant in the matter as to which he is charged to have been negligent, is admissible to show that he observed the diligence required of him by law.

Argued February 23, — Decided March 18, 1903.

Action for damages.   Before Judge Eve.   City court of Richmond county.   May 5, 1902.

*C. E. Dunbar,* for plaintiffs.   *W. H. Barrett,* for defendant.

CANDLER, J.   The plaintiffs in the court below entered into a verbal contract with the defendant, whereby the latter agreed to furnish pasturage for their mule; and accordingly the mule was placed in the defendant's pasture, which lay alongside the Savannah river.   The river formed the boundary of the pasture, and there was no fence along the river-front.   The plaintiffs' mule lost its life by being drowned in the river, — in what manner does not appear from the record.   The plaintiffs sued for the value of the mule, alleging negligence on the part of the defendant in failing to

fence off the pasture from the river. The jury found for the defendant. The plaintiffs made a motion for a new trial, which was overruled, and they excepted.

"If a man takes in cattle to graze and depasture on his land, he is a bailee (this particular kind of bailment being technically termed an agistment), and the bailee takes the cattle in this case on an implied contract or undertaking that he will look after them with ordinary diligence, — which means, with that degree of diligence which men in general exert in respect to their own concerns." Broom's C. L. 916. "In the absence of a special contract, an agistor is not an insurer. In caring for the animals in his charge he is required to exercise only reasonable care and diligence, becoming liable for loss thereof or injury thereto only where there is a want of such care on his part." 2 Cyc. 321. "An agistor is not, like an innkeeper or carrier, an insurer of the safety of the cattle intrusted to him, but he is bound to exercise ordinary and reasonable care, and if they are killed or injured through negligence on his part, he will be held responsible. He must exercise such care as a man of ordinary prudence would use under the same circumstances towards his own property." 2 Am. & Eng. Enc. L. (2d ed.)

4. The foregoing quotations embody the general principles of law governing contracts of agistment, which are in no manner different from those applicable in cases of ordinary bailment for hire. It is true, as contended by counsel for the plaintiffs in error, that an agistor is bound to keep his pasture properly fenced, but this is a provision of law looking to the prevention of the escape of the pastured animals from the enclosure, and can not be so construed as to require the erection of a fence along the bank of a navigable river, which is itself a natural enclosure. It is equally true that the agistor is bound to exercise ordinary diligence to prevent the cattle entrusted to him from going into dangerous places, but what would be required by ordinary diligence as a preventive measure in a given case is a question solely for the determination of the jury.

The motion for a new trial complains that the court erred in admitting, over the objection of counsel for the plaintiffs, evidence to the effect that it was the general custom of those owning pastures along the Savannah river in this locality not to erect fences on the side next the river. As we have already pointed out, the diligence

required of the defendant was that of an ordinarily prudent man under the same circumstances. Clearly, then, as going to show that what was done by the defendant in this case was not negligent, it was competent to prove that the same thing was done by others in the same situation who were, presumably, ordinarily prudent men.

The motion also contains a ground which complains of several detached portions of the charge of the court below, some of which, at least, contained propositions of law correct in the abstract. Under the ruling of this court in the case of *Anderson* v. *R. Co.*, 107 *Ga.* 501, this is not a good ground for a new trial. The requests to charge, not being in accordance with the principles here laid down, were properly refused; and there is nothing in the contention that the language of the court which is quoted in the motion amounted to an expression of opinion as to what had been proved. There was abundant evidence to support the finding of the jury, and it does not appear that the court erred in overruling the motion for a new trial.

*Judgment affirmed. By five Justices.*