### MILLER *v.* THIGPEN.

Under the facts appearing in the record, the court erred in dismissing the motion for a new trial.

Submitted November 28, — Decided December 12, 1904.

Motion for new trial.　Before Judge Adams.　City court of Dublin.　August 31, 1904.

This case was tried at the June term, 1904, of the city court of Dublin.　The defendant filed a motion for a new trial during the term, and the rule nisi was made returnable on June 27, "at the court-house in Dublin."　An order provided that the brief of evidence should be presented for approval "on or before that date, or in default the motion will be dismissed."　On June 27, an order was passed which recited that the brief of evidence had not been prepared, owing to sickness in the family of the stenographer, and that the hearing was for that reason postponed until July 9, the movant to have all the rights as to filing the brief of evidence which were allowed in the first order.　On July 9, the judge was absent from the county, and no action was taken on

the motion. On July 11, an order was passed fixing the time for the hearing on July 16, and purported to give to the movant all the rights accorded him in the original order. On July 16, an order was passed postponing the hearing until August 22, which order also purported to give to the movant all of the rights conferred by the original order with reference to filing a brief of the evidence. On August 22, the judge was again absent from the county, and no action was taken on the motion. On August 31, in vacation, the judge passed an order reciting that as there was no agreement consenting to an order preserving the right of movant until that date to present for approval a brief of the evidence, and counsel for the respondent having made a motion to dismiss the motion for a new trial on that ground, the motion was accordingly dismissed. To this order the movant excepted.

*Howard & Baker*, for plaintiff in error.

COBB, J. The record discloses that the rule nisi and original order were granted in term, and that the order of August 31 was granted in vacation. It does not appear whether the other orders were in term or vacation. If these intervening orders were all in term, the effect of the failure to present for approval a brief of the evidence on August 22 would not result in a dismissal of the motion for a new trial, but would simply carry it over to the next term undisposed of, to be then dealt with in conformity to law. If, on the other hand, these orders were in vacation, the failure of the judge to take any action on the motion by written order on July 9 would carry the motion undisposed of into the next term, and would deprive the judge of jurisdiction to deal in any way with the motion prior to that time. In either event the court was without jurisdiction to pass any order in reference to the motion on August 31 in vacation. The order purporting to dismiss the motion was therefore an erroneous order, and the judgment must be reversed. The motion stands on the docket undisposed of, to be dealt with by the judge when called in its order during term. See *Atlanta, K. & N. Ry. Co.* v. *Strickland*, 114 *Ga.* 998; *Napier* v. *Heilker*, 115 *Ga.* 168.

     *Judgment reversed. All the Justices concur.*