## ARRINGTON *v.* CRONIN.

Under the facts appearing in the record, the court erred in dismissing the motion for new trial.

Submitted June 21, — Decided August 5, 1905.

Motion for new trial. Before Judge Parker. Ware superior court. November 17, 1904.

*J. L. Sweat,* for plaintiff in error.
*Toomer & Reynolds,* contra.

FISH, P. J. At the April term, 1904, of Ware superior court, Mrs. H. T. Arrington filed a motion for a new trial in a case in which J. Cronin had obtained a verdict against her during that term. At the time the motion was filed, an order was granted that it be heard in vacation, on May 21, 1904. This order provided, "that movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." Movant filed a brief of evidence and charge of the court in the clerk's office on April 29, 1904. On May 20, 1904, a consent order was passed continuing the hearing of the motion until June 27, 1904. This order recited that " It is further ordered that movant have until said time to have the brief of evidence and charge of the court in said case approved and filed, and also to amend and otherwise perfect the said motion for new trial." On June 27, 1904, the following order was passed: " Plaintiff [respondent] not being ready, it is ordered by the court that the hearing of above-stated motion be continued until the 21st day of July, 1904, to be then heard at Baxley, Ga. It is further ordered that defendant's [mov-

ant's] right to have the brief of evidence and charge of the court and to amend said motion be preserved until the hearing." The motion not being heard and no action taken thereon before October 1, 1904, the judge, upon the application of respondent's attorney, and in pursuance of the original term order, fixed the hearing of the motion for October 10, 1904, and provided that notice be served upon movant. The motion was not heard on the last-mentioned date, nor any order granted in reference thereto. During the November term of the court the motion was called in its order for hearing, and was, on motion of respondent " dismissed because no brief of evidence [had] been approved in terms of the consent order of May 20, 1904." To the order dismissing the motion the movant excepted.

We think the exception well taken. Granting that the consent order of May 20 was a limitation upon the original term order, and that under its terms the movant was required to have the brief of evidence approved on or before June 27, we think it clear that the order passed on the date last mentioned preserved movant's right to have the brief of evidence approved until the final hearing. The order of June 27 clearly contemplated that some right of the movant in reference to the brief of evidence should be preserved until the hearing of the motion; for it provided " that defendant's right to have the brief of evidence . . be preserved until the hearing." Evidently by inadvertence there was a word, or words, left out of the order here. The use of the word " preserved " clearly and unmistakably indicated that the right of the movant in reference to the brief of evidence which this order contemplated was a right which had been secured to her by previous orders of the court. This right, whatever it was, was to be " preserved," that is kept intact or protected. The last previous order of the court had provided that the movant should have until June 27, 1904, the date which it fixed for the hearing, " to have the brief of evidence . . in said case approved and filed," and this was clearly the right of the movant in reference to the brief of evidence which was, under the order of June 27, 1904, to be " preserved " until the final hearing. A brief of evidence had been filed on April 29, 1904, and it needed nothing but the approval of the court. No question was made on the correctness of the brief of evidence, nor did the court refuse to ap-

prove it, but the motion for a new trial was dismissed upon the ground that the brief of evidence had not been approved conformably to the consent order of May 20, when that order had been superseded by the order of June 27. We think his honor erred in the ruling excepted to; and the judgment is therefore

*Reversed. All the Justices concur, except Simmons, C. J., absent.*