### CLEMENTS v. LEDDEN.

1. Where, during the term when a case was tried and a verdict therein rendered, a motion for new trial was made and a rule nisi granted, including an order allowing time for the preparation and presentation for approval of the brief of evidence; and where in the light of the order itself, as well as of the other acts of the court and the surrounding facts, it was evident that by inadvertence the order stated that the "plaintiff" was allowed the time instead of the "movant," who was the defendant in the case, this did not furnish sufficient ground to dismiss the motion for a new trial, the movant having in fact prepared a brief of evidence which was agreed upon by counsel and approved by the court.

2. If a motion for new trial was duly made in term time, and a rule nisi was issued, calling upon the respondent to show cause why the motion should not be granted, it would not furnish ground for dismissing the motion if the order set it to be heard in vacation at an impossible date, naming a date which was already past; but the motion would stand for a hearing at the next term.

Submitted November 5, 1908.—Decided April 16, 1909.

Motion for new trial. Before Judge Spence. Calhoun superior court. February 10, 1908.

At the December term, 1907, of the superior court of Calhoun county the judge directed a verdict in favor of the plaintiff in the case of Mrs. E. Z. Ledden against J. W. Clements. On the 4th day of December, 1907, during the term at which the verdict was directed, the defendant filed his motion for a new trial. At the time the motion was presented to the judge, and before it was filed, the following order was entered thereon by him: "Read and considered. Let the plaintiff show cause before me at Bainbridge, Ga., in vacation, on the 1st Monday in February, 1907, why the motion should not be granted. The plaintiff is allowed until the hearing, whenever it may be, to prepare and present for approval

a brief of the evidence in said case. This December 3, 1907." Counsel for respondent in the motion for new trial also entered an acknowledgment of service in these words: "Due and legal service of the foregoing motion acknowledged. Copy and all other and further service waived, this December 4, 1907." On the first Monday in February, 1908, the motion was not heard, but the judge on that day, in vacation, passed another order as follows: "Motion for new trial filed by J. W. Clements in above-stated case having been set for a hearing at Bainbridge, Ga., before me on the first Monday in February, 1908; and it appearing that the official stenographer has been unable to write out a report of the evidence, it is ordered that said motion be continued to be heard before me at Bainbridge, Ga., on the 10th day of February, 1908, in vacation. Ordered further, that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and to amend the motion for a new trial. This February 3, 1908." At the time and place stated in the order last recited, the motion for new trial came on to be heard, at which time counsel for respondent filed a motion to dismiss, as follows: "(1) Because the defendant failed to prepare and present to the court for approval a brief of the evidence within the time allowed by the rule nisi, nor has the court granted or signed any order allowing the defendant further time for same. (2) Because there does not appear in the rule nisi any authority or right to the defendant to prepare and present for approval a brief of the evidence, but same, which was drawn by defendant, makes it the duty of the *plaintiff* to prepare and present for approval a brief of the evidence, which is contrary to law, the plaintiff not being the movant. (3) Because movant's motion for new trial requires the plaintiff to show cause why new trial should not be granted, setting the first Monday in February, 1907, which plaintiff could not do, as it was a matter of impossibility." Upon the motion to dismiss the judge passed the following order: "The within motion to dismiss read and considered. It appearing to the court that the facts set forth in the foregoing motion to dismiss are true and correct, it is therefore ordered that the motion to dismiss the motion for new trial be sustained, and the same is hereby ordered dismissed. This February 10, 1908." To this order the movant excepted. At the close of the assignments of error the bill of exceptions contains the

following recital: "Said erroneous order and judgment was prejudicial to the said J. W. Clements, for that on the 10th day of February, 1908, he did appear in accordance with the terms of the order of February 3rd, and then and there presented to the judge for approval a true and correct brief of the evidence, to which counsel had previously in writing agreed, and the judge did approve said brief and order the same filed as a part of the record; and the said Clements did also present to the judge an amendment to the motion for new trial, which amendment the judge allowed and approved, and ordered the same filed."

*Pottle & Glessner,* for plaintiff in error.

ATKINSON, J. A motion for a new trial, together with a brief of the evidence, must be filed during the term of the court when the verdict was found, unless further time for filing the brief should be allowed by order. But this may be done. The order granted on December 3, 1907, may be construed as composed of two parts: first, a rule nisi to show cause why the new trial should not be granted; and second, an order allowing time to prepare and present for approval a brief of the evidence. As to the latter feature it was provided that the plaintiff was allowed until the hearing, whenever it might be, to prepare and present for approval a brief of the evidence in said case. One ground of the motion to dismiss the motion for a new trial was based on the use of the word "plaintiff" in this part of the order, instead of the word "movant," and it was urged that there did not appear in the order any authority or right given to the defendant to prepare and present for approval a brief of the evidence, which was contrary to law. On the face of the order it is apparent that the presiding judge intended to set the case for a hearing and to allow time for the preparation of the brief of evidence. It may reasonably be inferred that he intended to allow such time to the party who would need it and upon whom rested the duty of preparing the brief, and that the word "plaintiff" as there used was inadvertently used instead of the word "movant." It is hardly probable that he intended to grant time to a party on whom there was no obligation to file a brief of evidence. It is true that it is stated that the defendant prepared the order, but the judge adopted it and signed it; and it would be an unreasonable construction to hold that the inadvertent use of the word "plaintiff" for "movant"

should destroy the right and privilege which was evidently intended to be conferred. This construction is rendered more certain by reference to the order which was passed on February 3, 1908. It recited that the official stenographer had been unable to write out a report of the evidence, and that the motion was continued to be heard on February 10, 1908, in vacation. It then proceeded: "Ordered further that the movant may have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and to amend the motion for a new trial." In this action the judge recognized the fact that the preparation and presentation of a brief of the evidence was the duty of the movant, and that it was such movant to whom he intended to grant an extension of time for that purpose. If it should be held that in the original order he allowed time for the preparation and presentation of the brief of evidence, but erroneously placed the burden of doing so upon the wrong party, it may well be doubted whether even this would make the order void, or would simply make it erroneous. Considered, therefore, from any standpoint the mere misuse of the word "plaintiff" instead of "movant" was not such a fatal defect as to authorize or require the dismissal of the motion for new trial. Such an order is to be reasonably construed. *Gould* v. *Johnston*, 123 *Ga.* 765, 769 (51 S. E. 608), and cases cited.

Taking up, then, that part of the order granted by the judge which constituted the rule nisi proper, or order to show cause why a new trial should not be granted, was the effect of it to authorize a dismissal of the motion on February 10, 1908? It was contended that this order, which was granted on December 3, 1907, required the plaintiff in the action (respondent in the motion) to show cause why a new trial should not be granted, setting the hearing for the first Monday in February, 1907, which was an impossible date, being already long past, and that therefore the motion should be dismissed. There are two ways in which this rule nisi can be viewed,—one that the date set for the hearing, the "first Monday in February, 1907," was a mere inadvertence, when 1908 was intended. This was no doubt the fact. The order was granted on December 3, 1907. It is a matter of common knowledge how difficult it is at the close of one year and the beginning of the next to at once change the figure of the calendar so as to

write the new year instead of the old one. This order was granted during the term of court, and set the hearing "in vacation." The judge unquestionably did not intend to set it for hearing in a vacation which had been past for a year. Plainly it was meant to be during the vaction which would follow the then present term of the court, and would include the first Monday in February, 1908. If the rule nisi be construed as in fact returnable on such mentioned date, there would be no further difficulty in the case; because on that date further appropriate action was taken. But if we are constrained to treat the rule nisi as returnable on the first Monday in February, 1907, as the written order stands unchanged, then the effect would be that the presiding judge had granted a rule nisi, but had fixed an impossible date in vacation for the hearing. To authorize a hearing in vacation, but to set an impossible date therefor, would be equivalent to setting no date. In *Eady* v. *Atlantic Coast Line R. Co.,* 129 *Ga.* 363 (58 S. E. 895), where a motion for a new trial was duly filed during the term at which the verdict was rendered, and at that term the judge passed an order continuing the motion to an indefinite and unnamed day in vacation, but providing that if the motion was not previously heard in vacation it should stand on the docket to be heard during the next term of court, and no brief of evidence was filed with the motion, but in the order above referred to it was provided "that the movant have until the hearing, whenever it may be, to prepare and present the brief of evidence," and the brief of evidence was not filed until the next term after the order was passed, it was held that the court had jurisdiction at that term to approve the brief of evidence, and to decide the motion on its merits. The result of fixing an impossible day in vacation for the hearing of a motion for a new trial would not be to cause its dismissal, but to cause it to stand until the next term of court, when it could be heard. If the order was not sufficient to authorize the judge to pass upon the motion, we do not see how it was any more sufficient to give him authority to dismiss it in vacation. If the error in fixing the date deprived him of jurisdiction to deal with the motion during the vacation, it equally deprived him of jurisdiction to dismiss it. See *Miller* v. *Thigpen,* 121 *Ga.* 475 (49 S. E. 286). At most, the rule nisi was irregular, not void. And irregularities in the form of such a rule have been held waivable. In fact it has been held, that,

while a rule nisi ought to be granted, its absence may be waived and will not wholly annul the proceedings had on the motion where such waiver has taken place. *McIntire* v. *Tyson*, 56 *Ga.* 468; *Ga. R. Co.* v. *Usry*, 82 *Ga.* 54 (8 S. E. 186, 14 Am. St. R, 140). If the presiding judge construed the order which was granted on December 3, 1907, as conferring no power upon him to act in vacation, he should not have proceeded further, but should have allowed the motion to stand until it could be dealt with at the next term of court. If he construed it as conferring authority upon him to act, he should not have dismissed it. See *Arrington* v. *Cronin*, 123 *Ga.* 870 (51 S. E. 708).

<div align="center">

*Judgment reversed. All the Justices concur.*