SOUTHERN RAILWAY COMPANY *v.* HIXON, and *vice versa.*

</div>

ATKINSON, J. 1. A motion for new trial was presented to the judge in due time during the term at which the trial was had, and an order was passed declaring that: "The foregoing motion for a new trial is read and approved. Let it be filed, and let respondent show cause before me at............, on the..........day of.........., 1908, why the verdict and judgment should not be set aside and a new trial granted as prayed. As there is not sufficient time during the present term to file a brief of the evidence introduced on the trial of the case, it is further ordered that the movant have until the hearing of this motion, whenever had, to present and have approved the brief of the evidence, and that he have five days thereafter in which to file the same in the office of the clerk of the superior court. If for any reason this motion should not be heard at the time and place named, it is ordered that it be heard at such time and place as may be convenient to court and counsel, either party having the right to call up the same for a hearing upon 10 days' notice to the opposite party." *Held,* that the failure to specify in the order with greater particularity the time and place at which the motion for new trial should be heard was irregular, but not sufficient to defeat the jurisdiction of the court at the next term to approve the brief of evidence and render judgment on the merits of the motion for new trial. In this connection see *Clements* v. *Ledden*, 132 *Ga.* 430 (64 S. E. 460); *Eady* v. *Atlantic Coast Line R. Co.*, 129 *Ga.* 363 (58 S. E. 895). There was no error in refusing to dismiss the motion.

2. Where an amendment to a motion for new trial excepted to certain parts of the judge's charge to the jury, quoted from the approved charge, thus making the exceptions separate grounds of the motion for new trial, such amended grounds were sufficiently approved by the

order which recited: "The foregoing amendment is examined, and the recitals of fact therein are true. The same is allowed and ordered filed as an addition to the original motion for new trial in this case." *Stephens* v. *State*, 118 *Ga.* 762 (45 S. E. 619); *Tifton, Thomasville & Gulf Ry. Co.* v. *Chastain*, 122 *Ga.* 250 (50 S. E. 105).

3. The evidence was not of such character as to demand a finding that the plaintiff was not entitled to recover in any amount whatever.

4. While the portions of the charge complained of were not in all respects accurate, they did not furnish grounds for a new trial in behalf of the plaintiff in error.

5. Under the evidence on the subject of the value of the life of the deceased child, the verdict was excessive in amount.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

SEPTEMBER 23, 1910.

Action for damages. Before Judge Fite. Whitfield superior court. April 8, 1909.

*Maddox, McCamy & Shumate*, for the railroad company.

*W. E. Mann* and *W. C. Martin*, contra.