## 3619. MUNDY *v.* THE STATE.

POWELL, J. 1. The uncontradicted testimony demanded the conviction of the defendant, so far as the evidence of any criminal case can ever be said to demand a conviction.

2. There was no error in the court's charging the jury as follows: "It is unlawful, under the laws of Georgia, to keep on hand at one's place of business spirituous, alcoholic, malt, and intoxicating liquors. You and I form part of the judicial system of the State, and are not concerned, in any way, with the propriety, wisdom, or policy of the legislative branch of the government in passing this law. Sufficient it is for you and me to know it is the law of Georgia, and that, as a part of the judicial branch of the law of Georgia, it is our duty to enforce the law as we find the law written; and in the enforcement of the law we carry with that the term, not only the conviction of the guilty, but the

exoneration and justification of the innocent who may be charged with a violation of that law." Nor was the following instruction erroneous: "In this case you are not concerned in any way with the result or effect of your verdict, just as long as you, as jurors under your oaths, know and believe that that verdict is the truth of the case, based upon a consideration of the evidence adduced upon the trial of the case, under the rules of law as given you in charge by the presiding judge."

3. The following instruction was not erroneous: "The accused enters upon his trial with the presumption of innocence in his favor, and that presumption of innocence remains with him throughout the trial, unless it is overcome by evidence sufficiently strong to satisfy your minds and consciences to a reasonable and moral certainty of his guilt, and beyond a reasonable doubt."

4. The following instruction was not erroneous: "Reasonable doubt means just what the two terms imply,—a doubt based upon reason, for whose existence you could give a reason founded upon the evidence upon the trial of the case, or a want of evidence in the trial of this case."

5. The following instruction was not erroneous: "I charge you that rye whisky and gin whisky is, as a matter of law, alcoholic and intoxicating liquor."

6. The accused having offered no explanation as to the liquors found in his place of business, the following instruction was not error: "The State contends that certain quantities of rye whisky were found, alcoholic, spirituous, and intoxicating liquors were found, in the grocery store or the 'soft drink' place conducted by the defendant. If that appears to be the truth of the case to a moral and reasonable certainty, under the rules of law I have given you in charge, then I charge you the State would be entitled to a verdict of guilty; for no one is entitled to keep on hand at any place of business in this State any quantity of alcoholic, spirituous, or intoxicating liquors." Nor was the following instruction erroneous: "I charge you if you believe that contention [of the State] to a moral and reasonable certainty—that is to say, that alcoholic, spirituous, and intoxicating liquors were found or kept on hand at the time laid in the bill of indictment, or within two years next preceding that time, in the county of Bibb, by the prisoner at the bar, in a near-by room to his place of business, and used in connection with his place of business—if that appears to be the truth of the case to a moral and reasonable certainty, the State would be entitled to a verdict of guilty."

7. The court having charged the jury that they must be satisfied beyond a reasonable doubt that the liquors found in the defendant's place of business were intoxicating liquors, it was not error to fail to give in totidem verbis an instruction to the effect that, if the liquors found were mere imitations of intoxicating liquors, he should be acquitted.

8. None of the assignments of error are meritorious.

*Judgment affirmed.*

DECIDED OCTOBER 10, 1911.

Accusation of violation of prohibition law; from city court of Macon—Judge Hodges. June 24, 1911.

*Napier & Maynard, Jesse Harris, C. A. Glawson, John P. Ross,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.