## MILLER v. ROBBINS. (No. 7170.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924.)

**1. Animals ⬀22—Agister impliedly agrees to repair fence.**

Where a cow is placed in a field for pasturage, agister impliedly agrees that he will safely keep and return her, and though the fence is in bad order he is bound to repair it to prevent her escape.

**2. Animals ⬀23(2)—Finding of no agreement to repair fence unauthorized.**

Evidence *held* not to sustain a finding that agister did not agree to repair fence.

**3. Animals ⬀23(1)—Agister liable for loss of animal escaping through defective fence.**

If owner contracted with an agister to put a cow in her pasture for pasturage, it was agister's duty to use *ordinary* care to prevent her escape and to return her to owner when he called for her, whether agister expressly contracted to keep up fences or not, and if cow escaped by reason of defective fences agister was liable for her reasonable value.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by Mrs. S. K. Robbins against A. B. Miller, in justice court, in which defendant filed a cross-action. On appeal to the county court there was a judgment for plaintiff and against defendant on his cross-action, and defendant appeals. Reversed and remanded.

Homer L. Baughman, of Fort Worth, for appellant.

Massingill & Balew and R. K. Batten, all of Fort Worth, for appellee.

FLY, C. J. This is a suit on an open account for $56.50, instituted by appellee against appellant in a justice's court, and appellant filed a cross-action against appellee for $106.50. The justice of the peace rendered judgment in favor of appellee for $56.50, and in favor of appellant for $106.50, leaving a judgment against appellee for $50, after deducting her judgment from the judgment of appellant. The cause was appealed to the county court by appellee, and a petition filed therein setting up an itemized account for $56.50, for pasturage of cattle. Appellant set up a claim of $150 against appellee based on her negligence in connection with the escape of a cow. The cause was tried with a jury, and upon their verdict judgment was rendered in favor of appellee for $56.50, and that appellant take nothing by his cross-action.

The jury found that appellee was negligent in caring for the cow, that such negligence was not the proximate cause of the loss of the cow, that the fence around the pasture was not sufficient to hold the cow, that appellant knew of the defective condition of the fence, that the defective fence was the proximate cause of the loss of the cow, and that appellee had not promised to repair the fence in case the cow was placed therein. These matters are found in answer to seven special issues to ascertain whether it was negligent for appellee to permit the cow to escape, and whether such negligence had damaged appellant. The jury seem to have been confused in their answers, finding in one answer that appellee was negligent in her care of the cow, and in another that the negligence was not the proximate cause of the damage caused by the loss of the cow. We are led to believe that the negligence of appellee found by the jury must, in their view, have been in having a defective fence, which they found was the proximate cause of the damage in the loss of the cow. These findings are utterly irreconcilable, and amounted to finding that appellee was negligent in having a defective fence, but that was not the cause of the loss of the cow, and then in finding that appellee was negligent in having the defective fence, and that was the proximate cause of the loss of the cow. However, it was found by the jury that appellant knew the defective condition of the fence when he put the cow in the pasture, and that appellee did not agree to repair it. The jury may have concluded that appellant was negligent in putting the cow in the pasture, and contributed to the loss of the cow by his own negligence. This, however, is not the law of agistment.

[1] The cow was placed in the pasture of appellee with the implied agreement that appellee would securely and safely keep her and return her to her owner. He was not called upon to make the repair of the fence a condition of the contract, and, although the fence was in bad order when the cow was turned in the pasture, appellee was bound as an agister to repair the fence so as to prevent the escape of the cow. 1 R. C. L. p. 1079, § 20; Arrington v. Fleming, 117 Ga. 449, 43 S. E. 691, 97 Am. St. Rep. 169. In the case of McAuley v. Harris, 71 Tex. 631, 9 S. W. 679, the lower court had held that an agreement as to keeping the fence in repair was necessary, and the Supreme Court held:

"He was bound to do so whether he contracted to that end or not. What were the relations of the parties? Not that of landlord and tenant, certainly. Plaintiff was, by his contract, furnishing pasturage for so many of defendants' cattle, and was furnishing a fenced pasture. He did not rent them the pasture, but charged them so much for the privilege of grazing and keeping their cattle in his pasture. It was his duty, then, to keep his fences in repair to make it a reasonably safe inclosure for the cattle of defendants. If cattle escaped from the pasture

he would not be allowed compensation for them, and damages might otherwise have resulted to defendants by loss of cattle or by the pasture becoming crowded and overstocked on account of bad fences."

That doctrine has never been questioned, but is supported by all the authorities.

[2] The finding of the jury as to there being no agreement to repair is directly in the face of the evidence. Appellant swore that there was an agreement that appellee would keep the fence in repair, and Brister, a witness for appellee, swore that he made the contract for his mother-in-law, appellee, and that appellant asked about the condition of the fences, and said:

"I told him I was going around it right away and see they were good fences. I knew they were in fairly good condition all right at the time; I would go around it some time right soon and see it was in fairly good condition."

The cow escaped and was never recovered by appellant. The evidence made a clear case of liability of appellee for the value of the cow.

[3] If appellant contracted with appellee to put the lost cow in her pasture for pasturing, it was her duty to use ordinary care to keep her and prevent her escape and return her to appellant when he called for her, whether she expressly contracted to keep up the fences or not, and if the cow escaped by reason of defective fences appellee was liable for her reasonable value. The issues are few, and a jury should not be confused by a presentation of irrelevant matters to them. The jury should have been required to find the value of the lost cow, and if that had been done this court could end this protracted litigation over the small sum of money involved.

The judgment is reversed, and the cause remanded.