### 47395. O'QUINN v. JAMES.

DEEN, Judge. The plaintiff O'Quinn appeals from a verdict in favor of the defendant in his action for damages resulting from an intersection collision. The petition alleged that as the plaintiff was proceeding south toward the intersection of U. S. Highway 1 with Blackshear Avenue near Waycross, the defendant, proceeding north on the same highway, "negligently drove his said vehicle across the center line of the said U. S. Highway 1 into the south-bound lane of traffic and into the path of the said vehicle driven by plaintiff, negligently causing defendant's said vehicle to be driven into or against plaintiff's vehicle." This allegation was supported by O'Quinn's testimony that there was a line of traffic, about 35 to 50 feet apart, coming toward him, and also cars, 50 to sixty feet apart ahead of and behind him, and that as he was about 35 to 40 feet from the intersection the defendant cut out of the line of traffic directly in front of him; that he could not swerve to the right because of parked cars; that the street was slick from rain so that although he

immediately applied his brakes he could not stop before colliding with the defendant's truck.

James, on the other hand, testified that there were no parked cars and no other traffic; that he saw the plaintiff quite a distance away and came to a dead stop to wait for the plaintiff to pass before he made his left turn; that he did not think any part of his vehicle was over the center line but, if so, it could have been only a slight part of the length of the vehicle and there was plenty of room for the plaintiff to avoid him had he turned his car slightly to the right. *Held:*

1. The Civil Practice Act provides in § 81A-115 (b) in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings . . . failure so to amend does not affect the result of the trial of these issues." It follows that it is not correct to instruct the jury, as the trial court here did, that "if the plaintiff recovers at all he must recover for injuries done by some of the acts of negligence that are set forth in the petition."

Referring to this Code section we said in *Johnson v. Myers,* 118 Ga. App. 773, 776 (165 SE2d 739, 33 ALR3d 1047): "It may well be that under our present system of notice pleading, and in particular under the provision of *Code Ann.* § 81A-115 (b) . . . such language would now constitute reversible error." That it would do so in situations where there is evidence admitted without objection which would present a theory of recovery not alleged in the petition but which might have been added by amendment, as a result of which the plaintiff's right to recovery is unduly limited, seems certain, and it would be the better practice for the courts to refrain from charging this language under the present rules of procedure. However, it is not every error which requires reversal. "Whether or not an excerpt from the trial court's charge to the jury be erroneous, this court will not grant a new trial for such alleged erroneous charge where it clearly appears

that the party complaining was not injured by such charge." *Arcady Farms Milling Co. v. Betts,* 93 Ga. App. 255 (2) (91 SE2d 289). Examination of the evidence in this case shows that the plaintiff's recovery depended entirely upon the jury finding his testimony more credible than that of the defendant, and that all of the plaintiff's testimony supported the negligence alleged; i.e., that the defendant negligently drove his vehicle into the path of the plaintiff's oncoming car. No other act of negligence was adduced by any of the evidence in the case. It follows that under these special circumstances the error could have worked no injury upon the plaintiff, and it has frequently been held that where the controlling issues in the case are fairly submitted to the jury, slight inaccuracies will not warrant reversal. *Faires v. Central of Ga. R. Co.,* 19 Ga. App. 121 (91 SE 241); *Wills Valley Coal &c. Co. v. Lumpkin,* 146 Ga. 616 (91 SE 683); *Southern R. Co. v. Hixon,* 135 Ga. 150 (68 SE 1100). It does not appear here that the statement, although erroneous, could have caused any injury to the plaintiff.

2. The appellant contends that it was error to overrule his motion for new trial "because the verdict was contrary to law and was strongly against the weight of the evidence." An enumeration of error that the verdict is against the weight of the evidence addresses itself to the discretion of the trial court, not this court (*Code* § 70-206), and there is no contention that the verdict is without evidence to support it. As a matter of fact, however, the defendant's version of the collision amply authorized a verdict in his favor, as he was for some period of time at a dead standstill in plain view of the plaintiff either entirely in his own lane or very slightly across the center line in such manner that the plaintiff, having the last clear chance, might easily have avoided him. "The true rule is that the party seeking recovery may not recover if he could have discovered the latter's negligence by the exercise of ordinary care and could have then avoided it

by the exercise of ordinary care." *Ryder Truck Rental v. Gianotos,* 113 Ga. App. 81, 84 (147 SE2d 448).

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
ARGUED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 22, 1972.

*Kopp & Peavy, Neal L. Conner, Jr.,* for appellant.
*Falligant, Doremus & Karsman, Stanley Karsman,* for appellee.