## 52750. EDWARDS v. DELVERO et al.

WEBB, Judge.

This is an appeal from an order overruling plaintiff's motion for new trial following a verdict for defendants in this personal injury-automobile collision case.

1. The jury would have been authorized to find that plaintiff's automobile struck in the rear another automobile which was stopped while waiting to make a turn; that plaintiff began backing up and collided with the front of defendants' automobile; that defendants were

hemmed in and could not have avoided the collision; that at the scene plaintiff admitted fault for the collisions; and that he was not injured. Accordingly a verdict for plaintiff was not demanded, and the general grounds of the motion for new trial are without merit.

2. Plaintiff contends that the court, in charging that he could recover if defendants' negligent acts were the proximate cause of any injuries, should have added "or contributing cause" of the injuries. The court elsewhere so charged, and no reversible error appears. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1886).

3. Plaintiff urges that, in addition to charging on the specifications of negligence put forward by him prior to trial, the court should have charged on other acts of negligence. See *O'Quinn v. James,* 127 Ga. App. 94, 95 (1) (192 SE2d 507) (1972). Plaintiff did not enlighten the trial court, nor has he apprised us, as to the theories of recovery he contends were raised by the evidence but not charged upon, and any supposed error is thus harmless as held in the *O'Quinn* case, supra.

Moreover, prior to trial plaintiff furnished his specifications of negligence as required by the pre-trial order, "and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." CPA § 16 (Code Ann. § 81A-116). The order was not modified, nor did plaintiff move to have it modified. We find no error.

4. Plaintiff fails to demonstrate reversible error by the record with regard to remaining complaints.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

Argued September 15, 1976 — Decided September 27, 1976 — Rehearing denied October 19, 1976.

*Glyndon C. Pruitt,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellees.