## 55179. LAWHORN v. GULF OIL CORPORATION et al.

WEBB, Judge.

Lawhorn's sole enumeration of error in his appeal from an adverse verdict and judgment in his personal injury action related to the following excerpt from the trial court's charge: "If you find from the evidence that the injury to the plaintiff was occasioned by the failure to exercise ordinary care for his own safety, then and in such event the plaintiff would not be entitled to recover, and it would be your duty to end your deliberations and return a verdict in favor of the defendants." He argues that this was a charge of the "contributory negligence rule" whereas the "comparative negligence rule" prevails in Georgia. Code Ann. § 105-603.

The entire charge must be considered, not just one sentence. *Edwards v. Delvero,* 139 Ga. App. 880, 881 (2) (229 SE2d 763) (1976). The portion of the charge to which Lawhorn takes exception is followed by an extensive charge on comparative negligence clearly stating that negligence on his part would not prevent recovery if his negligence was less than the defendants'. The jury was instructed that if Lawhorn's failure to exercise ordinary care for his own safety was, however, the proximate cause of his injury, then he could not recover from the defendants. This was a correct statement of the law and did not amount to a charge of the contributory negligence rule. See *Crim v. Grantham,* 139 Ga. App. 680 (229 SE2d 150) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED FEBRUARY 3, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*Glenville Haldi,* for appellant.

*Freeman & Hawkins, Alan F. Herman, H. Lane Young,* for appellees.