### 61504. CALDWELL v. HUNNICUTT.

SOGNIER, Judge.

Caldwell sued appellee for negligence as a result of a collision between appellant's vehicle and appellee's cow, which had strayed onto a public road. The jury returned a verdict in favor of appellee. We affirm.

Appellant's sole enumeration of error involves the trial court's charge to the jury. At trial, appellant examined appellee about inspection of appellee's fences and argued to the jury that appellee had been negligent in failing to properly inspect and repair his fences, thus allowing his cow to escape onto a public highway. Appellant had not specifically raised the matter of inspection in his pleadings but

argues that since the matter was raised at trial, the trial court should have given a specific charge on failure of the appellee to inspect his fences and by not doing so the jury was precluded from considering the issue of inspection.

The trial court charged the jury as follows: ". . . Plaintiff charges in his petition the following specific allegations of negligence against the defendant: that the defendant was negligent in permitting his cows to run at large on or stray upon a public road in violation of Georgia Code Annotation Section 62-1604, the same being negligence as a matter of law; B. in failing to exercise proper care to prevent said cows from wandering onto the highway, and C. in causing the plaintiff's injury and damages under the circumstances herein set forth in the petition." In addition the trial court charged: " . . . as jurors, your method of inquiry would be for you to determine whether or not the defendant's conduct was such as to constitute negligence in either or more of the ways alleged by the plaintiff. You will take into consideration all of the evidence in the case that will aid you in determining this question."

There is no question that appellant sufficiently raised the issue of inspection and that said issue should have been treated as if it had been raised by the pleadings. Code Ann. § 81A-115 (b). Appellant contends that the trial court erred in confining the issues to be considered by the jury to the pleadings without specifically instructing the jury that the issue of inspection should be included in their deliberations. Appellant cites *O'Quinn v. James,* 127 Ga. App. 94 (192 SE2d 507) (1972) in support of his argument. In *O'Quinn* we recognized that it is *not* correct to instruct the jury that " 'if the plaintiff recovers at all he must recover for injuries done by some of the acts of negligence that are set forth in the petition.' " Supra at 95. Any attempt to limit the jury's consideration to specific allegations raised in the complaint would be improper. *Stanfield v. Smith,* 152 Ga. App. 22, 23 (262 SE2d 216) (1979).

We see nothing in the charge which limits jury deliberation in a way which would *exclude* proof of and arguments regarding inspection of appellee's fences. The portion of the charge which reflects the allegation in the petition that appellee was negligent "[i]n failing to exercise proper care to prevent said cow from wandering onto the highway" is broad enough to include any specific acts of negligence proved at trial, especially where the trial court specifically instructed the jury to consider *all* the evidence in the case. Under the circumstances, considering the charge in its entirety, any error in failing to give an individual instruction on each specific act of negligence proved at trial must be considered harmless. *O'Quinn v. James,* supra at 96.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 11, 1981 —
REHEARING DENIED JUNE 29, 1981

Mitchel P. House, Jr., for appellant.
Denmark Groover, Jr., Frank H. Childs, Jr., for appellee.