## 62783. COFFEEN et al. v. DOSTER et al.

BIRDSONG, Judge.

Bailment. The appellees, Mr. and Mrs. Doster, delivered five pieces of jewelry set with varying sizes of diamonds to Ed and Lamar Coffeen d/b/a Coffeen Jewelers with a view toward having the diamonds set into a new ring. After the jewelry was delivered to the Coffeens, the jewelry store was burglarized and most of the valuable jewelry stolen, including the bailed jewelry left by the Dosters. The Coffeens did not have burglary insurance and had to withstand the total loss of all their stock and bailed property. Evidence was offered showing the nature of the burglar alarm system installed by the Coffeens. Counter-evidence was offered by the Dosters raising an issue of whether the burglar alarm system was adequate for a jewelry store or was of such an inferior nature as to amount to negligence in protecting such valuable property. Additionally, the Dosters offered evidence, over objection that it was a general custom among jewelers in the Athens, Georgia area and throughout Georgia to maintain insurance coverage for stock, both that owned by the jeweler and that bailed to the jeweler. The Coffeens sought to avoid any evidence of a local custom or evidence of insurance at all, arguing that a bailee is not an insurer and thus evidence of insurance is improper. When the trial court ruled by its denial of Coffeens' motion in limine that evidence of insurance would be admitted, the Coffeens sought a continuance to obtain rebuttal evidence. The continuance was denied. After a mutiple day jury trial, the jury returned a verdict in the amount of $4,000 for the Dosters which was made the judgment of the court. The Coffeens bring this appeal enumerating six alleged errors. *Held:*

1. In their first enumeration of error, appellants complain that the trial court erred in allowing evidence of the non-existence of burglary insurance over their motion in limine. The basis of their argument is that the existence or non-existence of insurance is irrelevant on the issue of damages. See *Black v. New Holland Baptist Church,* 122 Ga. App. 606 (178 SE2d 571). The principle enunciated is absolutely correct but wholly inapplicable to the facts of this case. It was never contended by the Dosters that the Coffeens' insurance

should have covered the loss. The Dosters argued that it was a matter of custom in the jewelry trade to maintain insurance coverage over bailed property and that the failure of the Coffeens to have such insurance was evidence of negligent protection of the bailed property. The argument continues that had the Coffeens exercised the degree of protection normally employed by other men in the same trade, the Dosters would have suffered no loss.

A bailee is not an insurer of bailed property, but is bound to exercise ordinary and reasonable care, and if bailed property is damaged or lost through negligence on the part of the bailee, the bailee properly may be held responsible. He must exercise such care as a man of ordinary prudence would use under the same circumstances towards his own property. The foregoing principles embody the general principles of law governing cases of ordinary bailment for hire. *Arrington Bros. & Co. v. Fleming,* 117 Ga. 449, 450 (43 SE 691). The diligence required of the Coffeens was that of an ordinarily prudent man under the same circumstances. Clearly, then, as going to show whether what was done by the Coffeens in this case was or was not negligent, it was competent to show what was done by others in the same situation who were, presumably, ordinarily prudent men. *American Ins. Co. v. Keene,* 61 Ga. App. 754, 755 (7 SE2d 427). Stated otherwise, evidence of custom and practice of persons in a similar trade is admissible to show whether one so engaged can be faulted for negligence by failing to exercise that degree of care customarily followed in the trade, and refusal to admit such evidence has been held to be error. *Queen v. Patent Scaffolding Co.,* 46 Ga. App. 364, 376 (6) (167 SE 789). The trial court did not err in allowing evidence as to custom in the jewelry trade to provide insurance coverage for items of jewelry on the issue of negligence.

2. In their second enumeration of error, appellants argue that the trial court erred in denying their motion for continuance made after the court denied the motion in limine in order to afford appellants time to prepare and offer counter-evidence on the question of custom in the trade of providing insurance coverage. In substance appellants contend that they were surprised by the Dosters' proffer of evidence on insurance. Their argument continues that the complaint by the Dosters did not raise an issue of lack of insurance coverage and in no way were the appellants placed on notice that insurance coverage would be an issue in the case.

We disagree. One of the counts of the Dosters' complaint was found in tort in that it was alleged that the Coffeens failed to exercise ordinary care in safeguarding the bailed jewelry. Clearly evidence of custom and usage may be introduced in a negligence action. *City of Macon v. Yaughn,* 83 Ga. App. 610, 614 (64 SE2d 369). Appellants

long before trial were furnished the names of each of the witnesses who testified to the customs of the jewelry trade. Moreover, in the Dosters' interrogatories served upon and answered by the Coffeens, the area of insurance coverage was explored. Futhermore, Ed Coffeen was extensively questioned relative to insurance coverage in a deposition. The deposition and interrogatories were taken months before trial. It hardly behooves appellants, therefore, to argue that they were not on notice that insurance might be a significant issue of the case.

Under the notice pleading provisions of the Civil Practice Act, the Dosters were required in their complaint to make only "a short and plain statement showing the pleader is entitled to relief." Code Ann. § 81A-108 (a) (1). The rules under the Civil Practice Act are designed to restrict the pleadings to the task of notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial. Discovery helps to narrow the issues between the parties and to ascertain the facts relative to those issues. *Reynolds v. Reynolds,* 217 Ga. 234, 246 (123 SE2d 115).

Motions for continuance are addressed to the sound discretion of the trial judge, and the refusal to grant a continuance will not be disturbed by an appellate court unless it clearly appears that the judge has abused his discretion in that regard. *Jackson v. Hopper,* 232 Ga. 419, 420 (207 SE2d 58); *Bradley v. Sherwin,* 110 Ga. App. 632, 633 (139 SE2d 512). Under the circumstances of this case, we find no real surprise and thus no abuse of discretion nor harm to the appellants in the denial of the continuance. *Leathers v. Leathers,* 132 Ga. 211, 212 (1) (63 SE 1118).

3. In their third enumeration of error, appellants contend that the trial court erred in denying a motion for a directed verdict in that there was no evidence of local custom pertaining to insurance coverage. We must disagree. Though there was a conflict in the evidence, clearly there was evidence offered that tended to establish a custom. An issue is raised requiring jury consideration where there is evidence on which to predicate it. *Camp v. Phillips,* 42 Ga. 289. It is not even necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571). There being a substantial question of fact for consideration by the jury on a material fact(*Branch, Sons & Co. v. Palmer,* 65 Ga. 210), it was not error for the trial court to deny the motion for directed verdict. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522).

4. In their last three enumerations of error, appellants complain about portions of the charge of the trial court.

(a) Enumeration 4 argues that the trial court in effect made the appellants insurers by charging that a bailee must in all events return the bailed property at the end of the bailment. However, the trial court charged that if appellants exercised a proper degree of care and diligence in protecting and keeping safely the bailed property, then appellants would be relieved of any liability for its loss or destruction.

This court will not take portions of a charge in isolation and out of context (*Brewer v. James,* 76 Ga. App. 447, 454 (46 SE2d 267)), but will consider the entire charge. *Lawhorn v. Gulf Oil Corp.,* 145 Ga. App. 80, 81 (243 SE2d 253). The charge, when considered as a whole, was not incomplete or confusing but properly presented the appropriate legal guidelines to the jury. *Camp v. T. E. Cline, Inc.,* 141 Ga. App. 328, 331 (8) (233 SE2d 280).

(b) In enumerations of error 5 and 6, appellants submit that the evidence did not support a charge on custom (5) and that the trial court did not properly charge on the shifting burden of proof once appellees (Dosters) established a prima facie right to recovery. Neither of these enumerations has merit. As pointed out in Division 3 of this opinion, we are satisfied that there was ample evidence to justify a submission of the issue of custom and a charge thereon to the jury. Lastly, the trial court did charge on the principle of shifting burden almost exactly as requested by appellants. In the first place, we find the charge given by the court to be appropriate to the issue and couched in proper terms. See *Holmes v. Harden,* 96 Ga. App. 365, 369-370 (3) (100 SE2d 101). Moreover, complaint as to a portion of a charge which substantially stated correct principles of law as requested by the party making the complaint necessarily is without merit. *Freedman v. Petty,* 93 Ga. App. 590, 592 (92 SE2d 588).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 19, 1982 —
REHEARING DENIED MARCH 8, 1982 — ▮▮▮▮▮

*J. Vincent Cook,* for appellants.
*Steven Heath,* for appellees.