## 66357. RUCKER v. THE STATE.

DEEN, Presiding Judge.

Appellant Rucker was jointly indicted and tried with a co-defendant for the armed robbery of a jewelry store. A Columbia County jury found both defendants guilty, and both received life sentences. It is from this judgment that Rucker appeals.

A branch store of Friedman's Jewelers was robbed on December 23, 1980, by two masked men wielding a pistol and a sawed-off shotgun. The two had entered the store separately, with weapons concealed and each wearing a ski-mask atop his head in cap fashion. When both had engaged salesclerks in conversation, they pulled the masks over their faces, drew out their guns, and forced the manager to unlock the display cases and then to join the four female salesclerks on the floor of a back room. The retail value of the items taken from the store was approximately $180,000.

Shortly after the robbery, photographs of each of the co-defendants were identified from photo line-ups by various members of the store staff. These persons also identified the defendants in court as the men whom they remembered seeing enter the store and commit the robbery. Some two months after the robbery, approximately $20,000 worth of jewelry corresponding to that listed with the police as having been stolen from Friedman's on the date in question was recovered from the possession of the co-defendants and associates of theirs. The store manager and Friedman's district supervisor identified all but a few pieces of the recovered jewelry as corresponding to items stolen and as bearing Friedman's identifying markings. An initial court proceeding resulted in a mistrial.

In bringing this appeal Rucker enumerates as error the use of allegedly tainted eyewitness identification, the sufficiency of the evidence, and the "unfair" conduct of investigating officers that allegedly prejudiced appellant's due process rights. *Held:*

1. Our examination of the record in its entirety discloses no evidence that the eyewitness identification was in any way tainted. The store manager and the salesclerks all had ample opportunity to observe the robbers; the photographic line-ups were conducted in a standard manner; and each identifying witness testified that she recognized the defendants in court as those she had seen in the store during the commission of the robbery. There was sufficient competent evidence, in addition to the identifications, to authorize a reasonable trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d

131) (1980). We find no merit in appellant's first two enumerations.

2. There was conflicting testimony as to whether one of the police officers involved in the investigation might have tried to pressure the appellant's wife into cooperating by untruthfully representing to her that her husband had confessed. Even if this occurred, there is no evidence that such conduct was in any way prejudicial to appellant. This enumeration is also without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983 — REHEARING DENIED JUNE 10, 1983.

*James G. Blanchard, Jr.,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.