## 67088. SCOTT v. THE STATE.

DEEN, Presiding Judge.

Leroy Scott appeals from his conviction of armed robbery, contending that the trial court erred in giving a jury charge on the duty of citizens in trying a criminal case from *Lyles v. State,* 130 Ga. 294, 303 (60 SE 578) (1908), without including the qualifying phrase that jurors perform their duty to society ". . . just as truly in the vindication and acquittal of one who is innocent as . . . in the conviction and punishment of one who is guilty." The sufficiency of the evidence in this case was reviewed in the co-defendant's appeal. *Rucker v. State,* 166 Ga. App. 868 (305 SE2d 457) (1983). *Held:*

The complained-of portion of the charge reads as follows: "Members of the jury, you have been impaneled to try a most important issue; in fact, it is one of the most important issues that can be committed to a jury. It is one of vital importance to the accused because with them, it is a question of whether or not they might face imprisonment in the penitentiary. It is a question of no less importance to the public; by its laws to protect citizens in the enjoyment of their lives, their liberties, their reputation and their property. It is in return for this protection that the citizen owes

obedience to the government. The protection which the law provides for you and your families, even while you are asleep, can only be afforded you by a rigid and impartial enforcement and vindication of the law."

It is unfortunate that the trial court omitted the complained-of portion of *Lyles v. State,* supra, which sets forth the equally important duty to acquit the innocent. However, we are not willing to say that the charge as given caused harm to the defendant. It is well established that the trial court is entitled to inform the jurors of the nature and gravity of their duties. *Vanderford v. State,* 126 Ga. 753 (55 SE 1025) (1906); *Mundy v. State,* 9 Ga. App. 835 (72 SE 300) (1911). It is further well established that this court will not examine portions of the charge in isolation and taken out of context, but will consider them within the framework of the entire charge. *Coffeen v. Doster,* 161 Ga. App. 529 (288 SE2d 327) (1982); *Lawhorn v. Gulf Oil Corp.,* 145 Ga. App. 80 (243 SE2d 253) (1978). A review of the entire charge shows that the court carefully pointed out that allegations in the indictment do not constitute proof of the offense charged, that it is the jury's duty to ascertain the truth of the case from a factual standpoint, that the presumption of innocence lies with the defendant until he is proven guilty, that the state bears the burden of proving every element of the crime, that mere suspicion of guilt is not sufficient to convict, that the crime must be proven beyond a reasonable doubt and that in applying the facts to the law the jury has the duty to make a verdict that speaks the truth. Therefore, considering the charge as a whole, we find that the jury was fully cognizant of its duty to be fair and impartial.

As we have previously found in *Rucker v. State,* supra, that the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt, it is highly unlikely that the omitted precautionary instructions resulted in any prejudice to the defendant by contributing to his conviction.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1983.

*Daniel J. Craig,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.