## 68446. DANIELS v. STEVENS et al.

DEEN, Presiding Judge.

Appellant Margaret Daniels was injured when a gangplank was thrown on her foot while she was waiting to disembark from appellee Stevens' charter vessel, "The Waving Girl." Appellant brought suit alleging that her injuries resulted from various acts of negligence on the part of appellee and his employees, who, as a common carrier, owed a duty of extraordinary care which was breached. Appellees defended on the grounds of appellant's own negligence and denied that they were a common carrier. The trial court charged the jury as to contributory and comparative negligence, but refused to submit the issue of whether or not appellees were a common carrier. The jury returned a verdict in favor of appellees and this appeal is from the denial of appellant's motion for new trial.

1. Appellant contends that the question of whether appellees are a common carrier owing a duty of extraordinary diligence or a private carrier with only a duty of ordinary care is an issue for jury determination; that state law, not maritime law applies; and that the trial court erred in refusing to instruct the jury as requested that a common carrier of passengers must exercise extraordinary diligence to protect the lives and persons of its passengers. We do not agree.

There is no dispute that the Savannah River Harbor, where the alleged negligent acts giving rise to the appellant's injuries occurred, is a navigable waterway. Thus even though this action was brought in a state court, "[t]he legal rights and liabilities arising from that conduct were therefore within the full reach of the admiralty jurisdiction and measurable by the standards of maritime law. [Cits.]" Kermarec v. Compagnie Generale Transatlantique, 358 U. S. 625, 628 (79 SC 406, 3 LE2d 550) (1959). "Carrying passengers for hire is undoubtedly a traditional maritime activity, and suits in tort for personal injuries to passengers are clearly included in admiralty jurisdiction. [Cits.] The nature of the allegedly negligent acts underlying [appellant's] claims against [appellees] is largely irrelevant. It is sufficient for purposes of admiralty jurisdiction in this case that a passenger is suing for personal injuries allegedly due to the negligence of the vessel's owners and crew on navigable waters. [Cits.]" Duluth Superior Excur-

sions v. Makela, 623 F2d 1251, 1253 (8th Cir. 1980). Consequently, there was no issue involved as to whether appellees were a common or private carrier under state law, and the trial court correctly refused to submit this question to the jury or to charge them in this regard. Accord Branch v. Schumann, 445 F2d 175 (5th Cir. 1971).

2. After charging the jury on the principles of comparative and contributory negligence, the trial court instructed them that the appellant's duty to exercise ordinary care to avoid the consequences of the appellees' negligence did not arise until the appellees' negligence existed and appellant knew, or in the exercise of ordinary care should have known, of such negligence. The court also charged that if the jury found that the appellant herself was guilty of negligence as asserted by appellees, such negligence would not be a bar to her recovery of damages but would diminish the amount of the award to which she was entitled. The jury was further instructed that after applying all these rules of negligence under the facts of the case as they found them, if they reached the conclusion that the appellees were not liable they were to "stop your investigation at that point and return a verdict in favor of the [appellees]."

The evidence showed that on the night in question "The Waving Girl" had been chartered for a flat fee by a local bar for a private party cruise. The bar sold the individual tickets and provided all food and beverages and a band. The owner of the bar testified that advertising for the boatride was solely his responsibility, as well as control of the people who attended. Appellant had boarded and disembarked when the vessel docked at Daufuskie Island during the cruise, and was familiar with the procedures involved. Appellee Stevens and the crewmen on duty agreed that all usual measures had been taken to ensure the safety of the passengers aboard that night and that none of them had caused, or were even aware of, appellant's injuries. Indeed, the testimony of both appellant and her date indicated that the gangplank was thrown by a person not in appellees' employ who had jumped overboard in a drunken state, an action which could not reasonably have been anticipated by appellees. In such circumstances the portions of the charge complained of, when considered in context with the entire charge, did not constitute reversible error. See *Lawhorn v. Gulf Oil Corp.*, 145 Ga. App. 80 (243 SE2d 253) (1978); *Scott v. State*, 168 Ga. App. 631 (309 SE2d 904) (1983). In any event, since the evidence amply authorized a finding that there was no basis for liability on the part of the appellees, the jury rendered a proper verdict.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 25, 1984 —
REHEARING DENIED JUNE 14, 1984 — 

*R. Kran Riddle*, for appellant.
*Dana F. Braun*, for appellees.