32219. CUMMINGS v. THE STATE.

Hall, Justice.

· This is a companion case to *Hill v. State,* 239 Ga. 564 (233 SE2d 796) (1977) and *Miller v. State,* 239 Ga. 560 (233 SE2d 793) (1977). Hill, Miller and Cummings were all convicted and sentenced to life imprisonment for the December 7, 1974 robbery of the Peacock Lounge in Richmond County. The fourth robber, Hawkins, testified for the state and incriminated the others. On appeal, Cummings raises the single point that Hawkins' testimony incriminating him was not corroborated by other evidence as required by Code Ann. § 38-121.

The evidence showed that as the victim was preparing to close his place of business shortly before 11:30 o'clock at night, he observed a 1970 model white Ford automobile parked nearby, and upon investigation he found it was occupied by four black males. He went close enough to get the tag number and wrote it down in the palm of his hand. Within the next few minutes two black males forced their way into his business at gunpoint, and robbed him by taking his metal cashbox and money. He identified them by their height, giving specific feet and inches and by size, comparing them to an individual before the court. He also described one as having on a pair of khaki pants and sweater, wearing a yellow ski mask, and the other as wearing a mask made out of a shirt. Both had mustaches. As they left shots were exchanged. He immediately notified the police. Within minutes, at 11:45 p.m. a police officer heard on his radio that a car fitting the description given by the victim was being chased on Oliver Road. He joined in the chase. When

the car was first seen there was only one black male sitting up in the car and the driver attempted to flee. A road block was set up and ignored, and other officers at another point fired their weapons into the tires stopping the vehicle. It was a 1970 Ford automobile and the tag number was the same reported by the victim. When it was finally stopped there were four black males found in the car, defendant Cummings and the three co-defendants. Inside the car were found three masks, three pistols and four pairs of gloves, one of which was taken from the defendant. A fourth mask introduced in evidence was found at an intersection near where the money box, which was later recovered, had been thrown out of the fleeing vehicle. The box was identified by the victim as the one stolen and introduced in evidence. The defendant was sitting in the right hand front of the car when it stopped.

The alibi witnesses for the defendant testified to his presence elsewhere during the time the police were in hot pursuit of the automobile which he occupied, and he was in police custody within a very few minutes with no opportunity to be elsewhere. The defendant admitted that all four of the principals had been together as late as 11 o'clock p.m. on the night in question. He denied having his head down in the automobile until the shooting started. This was in direct conflict with the testimony for the state.

Slight evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976); *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248) (1976).

The evidence corroborating the accomplice's testimony against Cummings is quite similar to that found sufficient in *Jones v. State,* 139 Ga. App. 643, 646 (229 SE2d 121) (1976), and is stronger than that which this court found adequate in *Birt v. State,* supra, 236 Ga. at 825.

The single point raised on appeal being determined to be without merit, the conviction will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 22, 1977 — DECIDED NOVEMBER 1, 1977.

*Pierce & House, Stanley C. House,* for appellant.
*Richard Allen, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.