## 57760. DOWDY v. THE STATE.

CARLEY, Judge.

The defendant was convicted by a jury of keeping a gambling place, a misdemeanor, in violation of Code Ann. § 26-2704. Appellant enumerates as error the trial court's denial of his motion for directed verdict of acquittal and asserts that the verdict is contrary to the evidence as it is not supported by legally sufficient evidence. More specifically, appellant contends that the evidence was insufficient because it was circumstantial and did not exclude every hypothesis save that of the guilt of appellant. Appellant does not enumerate as error any evidentiary rulings of the court; nor does he point to any erroneous charge or failure to charge by the trial court.

The testimony and documentary evidence introduced at trial on behalf of the state showed as follows: On the evening of the arrest law enforcement officers from the City of Columbus Vice Squad and a Fort Benning CID agent, being on undercover assignment and dressed in plain clothes, went to the Waverly Hotel in Columbus where they checked into a room. Subsequently, when the officers attempted to go from the third floor on which their room was located to the second floor, they were told to go back to their room because they didn't have any business there. The officers then surreptitiously managed to get to the second floor and then to the ground floor. On the ground floor the officers attempted to enter a door marked with a "No Admittance" sign. After this attempted entry was rebuffed, they returned to the second floor and, by listening through the floor at a point approximately over the room where access was denied, heard voices obviously enunciating wagers and noises of an object hitting a board.

After obtaining a search warrant, the officers again attempted to enter the door marked "No Admittance" and were again refused entry. After identifying themselves as police officers and exhibiting the search warrant, they broke down the door. According to testimony, the appellant was standing in the room "with a visor on his head and bands on his sleeves." In the main room, the officers found one round table, one rectangular table with a backboard, dice-rolling paraphernalia, money, cards, endorsed checks, IOU notes, a dice cup and membership cards to the Cherokee Club. In another room the officers discovered ten people hiding under tables. The appellant admitted that he was president of a corporation known as Waverly, Inc., and that Waverly, Inc., owned the hotel. Appellant further admitted that he was president of the Cherokee Club, Inc., and the corporate charter showed that he was registered agent of the corporation with his address being listed as the Waverly Hotel.

After careful study of the record and consideration of the authority cited by appellant, we affirm the conviction.

Appellant seeks reversal by reliance on Code Ann. § 38-109 which provides: "To warrant a conviction on

circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132) (1976). When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. *Gee v. State,* 146 Ga. App. 528 (246 SE2d 720) (1978); *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643) (1976).

Appellant argues that there was no showing that he owned the hotel or that he ran the club or that he maintained the gambling area. In short, appellant attempts to hide behind the corporate entity which owned the hotel which housed the Cherokee Club which had possession of and control over the premises wherein gambling activity was patent and prevalent. Appellant was president of both the corporate owner of the property and of the so-called social club operating in the hotel. Also, it would not be illogical for a jury to consider significant the appellant's attire at the time of his arrest. Therefore, it clearly appears that the jury was authorized to determine the appellant's connection with the gambling place on facts other than his presence alone. The evidence here was sufficient to establish that appellant was keeping a gambling place in violation of the statute. *McFarland v. State,* 137 Ga. App. 354, 355 (223 SE2d 739) (1976).

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 7, 1979 — DECIDED MAY 29, 1979.

*Elkins, Flournoy & Gemmette, James A. Elkins, Jr., T. M. Flournoy, Jr.,* for appellant.

*Robert G. Johnston, III, Solicitor, Kenneth M. Henson, Jr., Assistant Solicitor,* for appellee.