## 69243. BOWEN v. THE STATE.
### (326 SE2d 525)

SOGNIER, Judge.

Marie Bowen, a/k/a Marie Stancel, was convicted of making a false statement.

1. Appellant's first four enumerations of error are based upon the general grounds of insufficiency of the evidence to support the verdict. The State showed that appellant was stopped by a state patrol officer in September of 1983 while driving a 1968 Cadillac bearing license tag number TPJ 429. A tag renewal form signed by appellant stated she had insurance coverage for the car with State Farm. An agent for State Farm testified that on the date of the renewal form appellant had no insurance coverage on this vehicle. Appellant admitted that she was owner of the automobile, but denied that the signature on the renewal form was hers, or that it was signed with her knowledge, direction, consent or approval. Whether this evidence raised a reasonable hypothesis other than that of the guilt of appellant was a question for the jury. *O'Bear v. State*, 156 Ga. App. 100, 101 (1) (274 SE2d 54) (1980). "If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State*, 150 Ga. App. 137, 139 (257 SE2d 41) (1979). The verdict in the instant case is not insupportable as a matter of law, and the evidence meets the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's assertion that the trial court erroneously required her to stand trial without the benefit of counsel is not supported by the transcript. The trial judge complied fully with the requirements of *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981) in determining that appellant intelligently waived her right to counsel and validly chose to proceed pro se. Nevertheless, the court asked an attorney present in the courtroom to assist appellant with procedural matters, to which she agreed, and allowed her to represent herself in regard to all substantive matters. Hence, we find no reversible error. *Zant*, supra. Accord *Mock v. State*, 163 Ga. App. 320 (293 SE2d 525)

(1982).

3. The trial court did not err in charging the provisions of OCGA § 40-2-3, concerning the making of false statements in any application for the registration of a vehicle, as this was a proper statement of the law under the facts in the case. Nor was it error to fail to charge OCGA §§ 33-34-10 and 33-34-12, which prohibit *operating* a motor vehicle without insurance, as a lesser included offense. Operating a motor vehicle without insurance is not a lesser included offense of false swearing. See OCGA § 16-1-6; *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974).

4. Appellant contends that custodial statements attributed to her by the officer who stopped her car should have been suppressed because her warrantless arrest was without probable cause and therefore illegal. Appellant made no objection to such testimony at trial and made no motion to suppress such testimony. It is well-settled that this court will not consider questions raised for the first time on review. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698) (1979). The same rule is applicable to appellant's 8th enumeration of error relating to hearsay testimony by the same witness.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 18, 1985 —
REHEARING DENIED JANUARY 29, 1985 — ▮▮▮▮▮▮

*James A. Meaney III*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.