## 69830. BRYANT v. THE STATE.
(330 SE2d 406)

SOGNIER, Judge.

Appellant was convicted on two counts of violating the Georgia Controlled Substances Act by possessing cocaine and marijuana. He appeals on the general grounds and the court's failure to charge on appellant's good character.

1. A deputy sheriff executed a search warrant for a stolen motorcycle at appellant's home and his workshop behind his home. The deputy looked in the window of a bus next to the workshop which was used as an office, and observed two sets of scales with a white powder on them. The deputy left, obtained a search warrant for drugs and returned to appellant's residence. In a search of the bus he found the two sets of scales and two plastic bags containing a white powdery substance. He also found a plastic bag containing a green leafy substance hidden in the rafters of the building used as appellant's workshop. The substances found were identified as cocaine and marijuana.

Appellant denied any knowledge of the cocaine and marijuana, and testified that a man who worked for him, Johnny Edwards, was living in the bus when the cocaine and marijuana were found. Appellant's girl friend and two other friends also testified that Edwards was living in the bus on or around the time the cocaine and marijuana were found.

We find this evidence sufficient to support the verdict. Appellant acknowledged that the bus belonged to him and although he denied knowledge of the scales, cocaine and marijuana, the weight of the evidence and credibility of witnesses are questions for the jury. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982).

Appellant also argues that because someone else was living in the converted bus and several people were in his workshop each day, the evidence did not exclude every reasonable hypothesis except that of appellant's guilt. Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury, *Jones v. State*, 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983), which decided this issue adversely to appellant. This court passes on the sufficiency of the evidence, not its weight, *Miller*, supra, and we find the evidence

sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by failing to charge the jury on appellant's good character. Appellant made no request for such a charge, and in the absence of a written request for such a charge, it is not error for the trial court to fail to charge the jury on character evidence. *Whitten v. State*, 143 Ga. App. 768, 769 (2) (240 SE2d 107) (1977).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

### DECIDED APRIL 2, 1985.

*John McGuigan, Jr., Jonathan E. Sureck*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney*, for appellee.