72010. ALLEN v. THE STATE.
(345 SE2d 98)

SOGNIER, Judge.

Allen appeals from his conviction of violation of the Georgia Controlled Substances Act by possessing marijuana with intent to distribute such marijuana.

1. Appellant contends the trial court erred by admitting into evidence fruits of the crime (marijuana) seized from the trunk of his car. Although appellant initially filed a written motion to suppress evidence as part of an omnibus motion covering several matters, appellant did not pursue his motion to suppress and did not object to introduction of the items seized from a search of his car. This court will not consider questions raised for the first time on appeal. *Bowen v. State,* 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

2. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal. This enumeration is based on the allegedly illegal search of appellant's car during which several packages of marijuana were seized, which is the same issue raised in Division 1. As stated in that division, appellant did not object to admission of the items seized by the police. The car searched belonged to appellant and he attempted to flee when the police, acting on an informer's tip, arrived at the location of the parked car. When appellant was apprehended almost immediately, he threw away his car keys in an effort to thwart a search of his vehicle. We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 30, 1986.

*Harold E. Martin,* for appellant.

*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.