### 73314. DURHAM v. THE STATE.
(351 SE2d 683)

SOGNIER, Judge.

Durham appeals from his conviction of three counts of armed robbery and one count of theft by taking.

1. Appellant contends that the evidence is not sufficient to support his conviction. He argues that the identification testimony was conflicting and that testimony of an accomplice was not corroborated. Appellant's contention as to identification is based on the fact that different victims of the armed robberies estimated appellant's height in a range from 5'10" to 6'2"; therefore, appellant contends that his identification as a participant in the offenses charged was not suffi-

cient. Such testimony goes to the weight of the evidence, however, and is a question for determination by the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Additionally, appellant's accomplice in the offenses testified that appellant was a participant in such offenses. Contrary to appellant's contention, the accomplice's testimony was corroborated in several respects, such as the manner in which the robberies were committed and the fact that the pickup truck was stolen by cutting the ignition wires and twisting them together to start the vehicle. Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. *Cummings v. State*, 240 Ga. 104, 105 (239 SE2d 529) (1977). The corroboration here was more than sufficient.

We have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal, which he enumerates as error in a separate enumeration. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. In three separate enumerations of error appellant contends the trial court erred by allowing evidence of similar transactions. He first argues that the court erred by allowing Peggy Smith to testify about an armed robbery committed by appellant in Cobb County, Georgia. Appellant contends such testimony was allowed in violation of Rule 31.1 of the Uniform Rules of Superior Courts, (253 Ga. 853). Rule 31.1 provides that the State shall give a defendant at least ten days notice of the State's intention to present evidence of similar transactions, and appellant contends that because he was given only 24 hours notice that Smith would testify about the robbery in Cobb County, her testimony was inadmissible. This contention is not well taken.

Although Rule 31.1, supra, provides that the State shall give a defendant ten days notice of its intention to present evidence of similar transactions, the rule also provides that such notice must be given "unless the time is shortened or lengthened by the judge." In the instant case the trial judge entered a written order reducing the notice requirement to one day. The order was the result of a hearing held eight days prior to trial wherein the trial judge was notified that appellant possessed a trial transcript containing the testimony of Peggy Smith, and that the written notice provided by the State was preceded by verbal notice to appellant at the time of the hearing. Under such circumstances we find no abuse of the trial court's discretion in shortening the time required for notice.

The evidence of similar transactions established that on Decem-

ber 4, 1984 a black male and a white male, later identified as appellant and Glenn Gentry, respectively, robbed a convenience store in Marietta, Georgia, at gunpoint. On December 12, 1984 the same two men robbed a convenience store in Rome, Georgia, in the same manner. In both instances the men appeared to flee on foot. The three armed robberies in the instant case were committed in the same manner, i.e., a black male and a white male would enter a convenience store, rob the cashier at gunpoint and depart on foot.

Before evidence of independent crimes is admissible it must be shown that the defendant was the perpetrator of such crimes, and there must be sufficient similarity or connection between the independent crimes and the offenses charged, that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Once the defendant's identity as the perpetrator of the independent crimes has been proven, as was done here, testimony concerning the independent offenses may be admitted to show motive, plan, scheme and course of conduct. Id. The independent offenses were committed on December 3 and December 12, 1984, and the robberies in the instant case occurred on December 29, 1984, January 5, 1985 and February 2, 1985. Thus, in addition to showing that the offenses were committed in a similar manner, the evidence was admissible to show that the robberies were part of an ongoing scheme or plan of appellant and Gentry to rob convenience stores. Accordingly, the trial court did not err by allowing testimony as to independent offenses committed by appellant.

3. Appellant contends the trial court erred by allowing testimony as to his attempted escape from a courtroom in Floyd County. Appellant made no objection to such testimony at trial and this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

Appellant also contends the trial court erred by denying his motion for a mistrial or giving curative instructions when the prosecuting attorney in closing argument referred to the attempted escape by asking: "Do you run if the truth is on your side?" This question was based on testimony admitted without objection, as stated above. It is permissible in closing argument to draw deductions from the evidence and the remark (question) was a reasonable deduction from the evidence which the prosecuting attorney was authorized to make. *Brand v. Wofford*, 230 Ga. 750, 754 (9) (199 SE2d 231) (1973). See also *Carruth v. State*, 155 Ga. App. 666 (1) (272 SE2d 531) (1980). Hence, we find no error.

4. Appellant contends the trial court erred by charging the jury that they had heard expert witness testimony, since no witness was qualified as an expert. This enumeration of error is without merit.

A police investigator testified that he matched material caught in

a barbed wire fence near the scene of the last robbery with material in a pair of pants seized from an accomplice's residence. The investigator also testified about fingerprint evidence in the case. It is apparent that the trial court's charge as to persons "termed" experts related to testimony by the investigator, and thus, was appropriate. This is particularly true since the trial court charged that the weight given to the testimony of any expert witness, "if you determine that there was an expert witness testifying," would be determined by the jury. Even if the charge was inapplicable, an inapplicable charge is not cause for a new trial where it is not prejudicial to the accused. *Garner v. State*, 174 Ga. App. 628, 630 (4) (330 SE2d 750) (1985). We find no prejudice to the accused from the charge as given to the jury.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 25, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

*David K. Smith*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.