73787. SOLTOW v. THE STATE.
(356 SE2d 750)

SOGNIER, Judge.
Appellant was convicted of theft by taking and he appeals.

1. Appellant's motion to dismiss appellee's brief is denied.

2. In his first four enumerations of error appellant contends the evidence was not sufficient to support the verdict, and that the trial court erred by denying his motion for a directed verdict of acquittal.

The evidence disclosed that about 4:30 a.m. Sergeant S. D. Lemon, a Clayton County police officer, observed a Chevrolet El Camino backed up to a building in a small shopping center. Lemon turned on the bright lights of his police car and could see only the head of a person inside the El Camino. Lemon then approached the vehicle on foot, shined his flashlight into the vehicle and saw two men crouched down on the seat and one man hiding on the floorboard. Appellant was one of the three men in the vehicle. Lemon noticed a strong odor of gasoline and saw a five-gallon gasoline container, a one-gallon gasoline container and two four-foot sections of garden hose in the bed of the vehicle. One of the containers had freshly spilled gasoline on it and a piece of the garden hose had fresh gasoline on it. After two backup officers arrived at the scene Lemon went around the building and saw a dump truck; a gasoline container similar to one of the containers in the El Camino was on the ground beside the dump truck with freshly spilled gasoline around the container. Corporal Acree, one of the backup officers, also checked around the dump truck and saw a plastic type container sitting underneath the truck's gas tank, with a hose running from the gas tank to the container. The container was overflowing with gasoline and approximately three to four gallons of gasoline had run out of the container onto the ground by the truck.

Appellant testified that he and his friends were on the way to work when their vehicle started sputtering and ran out of gas. They pulled into the shopping area and backed up to the building; Danny Collins got out of the vehicle, got the gasoline containers and left to get gasoline. Appellant's other friend followed Collins and they returned in a few minutes and started putting gasoline into the vehicle. The two men left a second time and went around the building; when the police car pulled into the parking area the two men ran back to their vehicle and told appellant to crouch down. Appellant testified that he never left the vehicle and had no idea his friends were stealing gasoline; he assumed they had gone to a Hess service station about a mile away. All three men were arrested and charged with theft by taking.

Appellant argues that this is a circumstantial evidence case and the facts do not exclude every reasonable hypothesis save that of his guilt. We do not agree. Although appellant testified he thought his friends had gone to the Hess station a mile away to get gasoline, they returned in just a few minutes, put gas in the car and again went behind the building where their vehicle was parked, carrying another gasoline container with them. Further, appellant testified that he and his two friends were on their way to work; however, it was 4:30 a.m. and appellant testified that they usually left for work at 5:30 a.m., arriving about 7:00 a.m. to start work.

The weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Whether a defendant's explanation supplies a reasonable hypothesis other than that of the defendant's guilt is a jury question. *White v. State*, 253 Ga. 106, 107 (1) (317 SE2d 196) (1984). If a jury is authorized to find that the evidence, although circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless it is insupportable as a matter of law. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). The verdict here is not insupportable as a matter of law and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

3. Appellant contends the trial court erred in its charge to the jury on parties to a crime because the charge was not adjusted to the evidence. The court charged: "If a person has knowledge of the intended crime and shares in the criminal intent of the principal actors he is an aider and abettor. Therefore, if the defendant was at the scene and did not disapprove or oppose the commission of the offense the trier of fact may consider such conduct in connection with prior

knowledge and would be authorized to conclude the defendant assented to the commission of the offense and that he lent his approval to it thereby aiding and abetting the commission of the crime."

The charge given is a correct statement of the law. *Whitley v. State*, 176 Ga. App. 364, 367 (1 (c)) (336 SE2d 301) (1985). Although appellant argues that *Whitley* applies only to police officers who have a duty to prevent the commission of an offense of which they have knowledge, the statement of the law of aiders and abettors in *Whitley* was made in conjunction with a discussion of the law as it relates to private citizens. Hence, appellant's argument is without merit and the charge given by the court was not erroneous.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 2 but believe that the circumstances underlying Division 1 warrant further comment, and that explanatory caution should be added to Division 3.

1. When the state's brief was finally filed a month tardily, appellant moved to dismiss it, citing our Rule 14, which requires that appellee's brief "shall be filed within" specified time. No sanction for failure of appellee to comply is set out in the rule, but failure on the part of appellant or cross-appellant is expressly subject to contempt. Under Rule 7, however, breach of a rule of this Court subjects the offender, which would include an appellee, not only to contempt but also to revocation of license to practice in this Court.

Rule 14 also provides that when the Court *orders* the filing, and the order is disobeyed by appellant or cross-appellant, the case "shall" be dismissed if civil and "may" be dismissed if criminal. Of course, an appellee's disobedience of such an order would not cause dismissal of his opponent's appeal, but it could under general law subject the appellee to contempt. OCGA § 15-1-4 (3); *Crawford v. Manning*, 12 Ga. App. 54 (3) (76 SE 771) (1912).

Thus, although the rule does not itself specify a sanction against a late-filing appellee, we could impose a Rule 7 sanction or at least simply choose not to consider his brief because of its untimeliness. Despite the fact that we have chosen to consider it in this case, it should be pointed out that such a cavalier effrontery of the Court's rules may not always be met with such largesse. The rules, after all, are established to provide an orderly and reasonable appellate process which is fair to both sides of the litigation as well as to the Court, so as to achieve compliance with the Georgia Constitution of 1983, Art. VI, Sec. IX, Par. II.

When a party needs additional time, extension should be sought, as is fully provided for in OCGA § 5-6-39.

2. I am of the opinion that a caveat is compelled in considering the use of the jury instruction focused on in Division 3. Taken out of context, and standing alone, it may very well be error because it gives the impression that no act, or omission to act when there is a duty to act, is called for before defendant can be found guilty as an aider and abettor.

*Whitley v. State*, 176 Ga. App. 364, 367 (1) (c)) (336 SE2d 301) (1985), from which the language was lifted and given as a charge, makes clear that " '[e]ven approval of the act, not amounting to encouragement, will not suffice' " to constitute aiding and abetting, quoting from *Brown v. State*, 250 Ga. 862, 864 (302 SE2d 347) (1983). In *Whitley*, the conduct of defendant was viewed as the "omission to act" portion of OCGA § 16-2-1 when there was a statutory duty to take positive steps. Here, defendant's behavior is, and was by the jury as instructed by the court, considered in terms of his affirmative actions, the other portion of OCGA § 16-2-1.

This decision, which involves the scope of what it means to "aid and abet," must not be taken to expand its traditional boundaries. The court below carefully instructed the jury that proof of "a union of act and intention" by defendant was needed here, that the elements of the crime included taking and a specific intention, and the law with respect to parties to a crime. The court also charged the jury that it may consider defendant's *conduct* as evidence of consciousness of guilt, but that mere presence is not sufficient to convict although "presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred."

Taking the whole charge in this case, with the challenged portion in its context, I agree that it was not error. *Geter v. State*, 219 Ga. 125, 134 (2) (132 SE2d 30) (1963); *Scott v. State*, 168 Ga. App. 631, 632 (309 SE2d 904) (1983).

DECIDED APRIL 24, 1987.

*Joseph M. Todd*, for appellant.
*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellee.