## 74783. LAY v. THE STATE.
(362 SE2d 458)

McMURRAY, Presiding Judge.

Defendant Lay was charged by accusation, along with codefendant Jackson, with the offense of theft by shoplifting. A jury trial was waived and defendant was tried separately before the trial court. The trial court found defendant Lay guilty and she appeals. *Held*:

1. Defendant contends the evidence at trial was not sufficient to authorize her conviction. The State's evidence shows that defendant and Jackson were observed by a security employee while shopping in a Wal-Mart store. When the security employee walked past the two

ladies he noted that the items in their shopping cart included two cassette tapes and a utility knife broken out of the pack. Defendant was holding onto the handle of the shopping cart while Jackson was standing beside it. The security employee, after positioning himself to further observe the two ladies, observed Jackson bending over the shopping cart and begin using the utility knife to cut the plastic containers which held the cassette tapes. During this time defendant was still standing with her hands on the shopping cart. The two ladies stayed together as they moved over two aisles and down an aisle. Jackson finished cutting open the tapes and put them in her pocketbook. During the time that Jackson was cutting open the packages containing the cassette tapes defendant was standing there watching, "[s]he would watch [Jackson], then she would look around to see if anybody was looking." The two ladies went through a check-out line and purchased items other than the concealed cassette tapes, then left the store. The ladies were stopped by the security employee outside the front door of the store and they agreed to go back into the store. As the two ladies, along with store employees, were walking through the store to an office Jackson was observed removing the cassette tapes from her pocketbook.

Defendant argues that none of this evidence shows that she was a party to the crime. However, presence, companionship, and conduct before, during and after the offense are circumstances from which the trier of fact could determine that defendant was a participant. See *Jones v. State*, 242 Ga. 893 (1) (252 SE2d 394). A person who acts as a "look-out" during the commission of a crime is participating in the commission of that crime. *DeLoach v. State*, 142 Ga. App. 666 (1) (236 SE2d 904). "The weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Whether a defendant's explanation supplies a reasonable hypothesis other than that of the defendant's guilt is a jury question. *White v. State*, 253 Ga. 106, 107 (1) (317 SE2d 196) (1984). If a jury is authorized to find that the evidence, although circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless it is insupportable as a matter of law. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). The verdict here is not insupportable as a matter of law and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Soltow v. State*, 182 Ga. App. 716 (2), 717 (356 SE2d 750). This enumeration of error is without merit.

2. Relying upon the best evidence rule, defendant contends the trial court erred in admitting a photograph of the cassette tapes that were stolen, in place of the original evidence. However, the best evidence rule (or as it is also known, the original document rule) does

not require that chattels be introduced in evidence. The trial court did not err in admitting the photograph over the objection it was not the best evidence. Nor did the State fail to properly identify the photographs and present a proper foundation for its admission into evidence. *Hill v. State*, 221 Ga. 65, 67 (7) (142 SE2d 909). Also see generally *Johnson v. State*, 177 Ga. App. 705, 706 (2) (340 SE2d 662).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the opinion except I question the relevancy of the principle for which *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985) is cited. The evidence in this case is not solely circumstantial, for a witness directly observed defendant committing the crime by her participation as a party. Thus the more stringent standard to be applied in measuring the sufficiency of the evidence in circumstantial cases, OCGA § 24-4-6, does not apply. *Whittington v. State*, 252 Ga. 168, 176 (7) (313 SE2d 73) (1984); *Fuller v. State*, 166 Ga. App. 734, 735 (2) (305 SE2d 463) (1983).

I point this out because I fear that its inclusion in the opinion might be misinterpreted and brought to bear in cases in which there was at least some direct evidence. I recognize that *Bowen* was not clearly a solely circumstantial evidence case, but the case on which it relies for the proposition, *Dowdy v. State*, 150 Ga. App. 137, 139 (257 SE2d 41) (1979), was.

DECIDED OCTOBER 26, 1987.

*Wade C. Hoyt III*, for appellant.
*Stephen F. Lanier, District Attorney, Danny W. Crabbe, Assistant District Attorney*, for appellee.