## 76294. FLOURNOY v. THE STATE.
(368 SE2d 538)

DEEN, Presiding Judge.

The appellant, John E. Flournoy, Jr., was convicted of selling cocaine in violation of the Georgia Controlled Substances Act. At the trial, an undercover police officer testified that on March 6, 1987, he had purchased some crack cocaine from a man known as the "Big Man" or "Junior," who was later identified as Flournoy; the officer also was allowed to recount two subsequent, similar purchases from Flournoy on March 13, and March 14, 1987. Flournoy's defense was that he had been out of town at the time of the drug sales and that another man, and not he, was known as the "Big Man." On appeal, Flournoy contends that the evidence was insufficient to support the conviction, and that the trial court erred in certain evidentiary rulings and in the charge to the jury. *Held*:

1. Flournoy objected to the undercover officer's testimony about two subsequent purchases of cocaine from Flournoy a week after the initial purchase, on the grounds that the evidence was irrelevant and placed his character in issue. However, it is axiomatic that once the identity of the defendant as the perpetrator of the similar transaction has been shown, and the extrinsic offense and the offense charged are sufficiently similar so that proof of the former tends to prove the latter, such evidence is admissible to show identity, motive, plan, scheme, bent of mind, and course of conduct. *Williams v. State*, 251 Ga. 749 (4) (312 SE2d 40) (1983); *Durham v. State*, 181 Ga. App. 155 (351 SE2d 683) (1986). In the instant case, the same parties were involved and the circumstances of all three drug purchases were almost identical; the evidence certainly was admissible.

Flournoy also contends that this evidence was improperly admitted because the trial court failed to determine its admissibility before

the evidence was presented to the jury, outside the presence of the jury, contrary to the requirements of Rule 31.3 of the Uniform Superior Court Rules. Before any evidence was presented, however, the trial court did approve this evidence of similar transactions "contingent upon the proper foundation being laid as to whether or not we reach that point in the trial it is admissible or not," following the prosecutor's explanation that the extrinsic evidence would show motive and mode of operation. This sufficiently complied with Rule 31.3. See *Hall v. State*, 181 Ga. App. 92 (351 SE2d 236) (1986).

2. The actual cocaine that the undercover officer purchased from Flournoy on March 13, 1987, was admitted into evidence. Flournoy now contends that the trial court erred in failing to give cautionary instructions to the jury about the limited purposes for which the evidence was admitted. The trial court did give cautionary instructions about the limited purposes for which the evidence of similar transactions was admitted, and it was unnecessary to give further, specific instruction about this exhibit.

3. We will not address Flournoy's contention that the trial court erred in the jury instructions by referring to him as John E. Flournoy, Jr., also known as "Big Man" or "Junior." At the conclusion of the instructions to the jury, the trial court specifically inquired whether there were any objections to the charge, and defense counsel replied in the negative, without reservation. In such a circumstance, the present objection to the charge was waived. *Jones v. State*, 181 Ga. App. 651 (2) (353 SE2d 593) (1987).

4. Viewing the evidence in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find Flournoy guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988.

*John G. Runyan, G. G. Joseph Kunes, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, J. David Miller, Assistant District Attorneys*, for appellee.