## 77343. PARKER v. THE STATE.
### (378 SE2d 503)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of the offenses of sodomy and sexual exploitation of children. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

Appellant enumerates only the general grounds. The evidence, construed most strongly in favor of the guilty verdict, shows the following: The victim testified that he and a friend were driven by appellant to appellant's house where a party was being held. A witness for the State testified that he had been hired to videotape the party. At the party, the victim and appellant's roommate engaged in an act of sodomy on a couch in the living room. Their sexual activity was videotaped. The victim testified that appellant had actively participated in the videotaping of the act of sodomy. The victim explained that appellant had stood "beside the cameraman telling him what to do" and had held the light for the camera during the taping. The cameraman testified that it was appellant who had accepted delivery of a final copy of the tape. The victim testified that he had performed sexual acts with appellant in return for money and gifts on several occasions prior to the night of the party.

Appellant urges that the evidence shows only his presence at the

scene of the videotaped act of sodomy between his roommate and the victim. " 'Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. . . . A person is concerned in the commission of a crime . . . if he . . . (i)ntentionally aids or abets in the commission of the crime. . . .' OCGA § 16-2-20. Presence at the scene is not sufficient. [Cit.] 'Even approval of the act, not amounting to encouragement, will not suffice.' [Cit.] And mere knowledge, by a private citizen, that a crime is going to be committed, in the absence of the duty to prevent it, does not make the citizen guilty of participating in the crime. [Cits.] Our sister states and federal courts have generally held that aiding and abetting the commission of crime requires affirmative action, and an individual's mere knowledge that a crime will be committed, and failure to take steps to prevent that crime, do not amount to aiding and abetting. [Cits.] However, if the person had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor. [Cits.] Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting commission of the crime. [Cit.]" (Emphasis omitted.) *Whitley v. State*, 176 Ga. App. 364, 366-367 (1c) (336 SE2d 301) (1985). See also *Soltow v. State*, 182 Ga. App. 716 (3) (356 SE2d 750) (1987); *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). After reviewing the evidence, we find that a rational trior of fact could have reasonably found from the evidence adduced at trial that appellant had arranged for the victim to be present at the party and that he actively engaged in videotaping an act of sodomy between his roommate and the victim. This evidence would authorize a finding that appellant was guilty of the offense of sodomy as an aider and abettor and was guilty of the offense of exploitation of children as either a principal or as an aider and abettor. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion to the effect that appellant's presence and participation in preparing the videotaped photography-type pornography of the acts of sodomy support the judgment of conviction and sentences entered on the jury verdicts relating to the offenses of sodomy and sexual exploitation of children, reservations as to two cited cases are registered. *Whitley v. State*, 176 Ga. App. 364 (336 SE2d 301) (1985), is a two-judge case inasmuch as

one judge "concurs in the judgment only." Also *Soltow v. State*, 182 Ga. App. 716 (356 SE2d 750) (1987), which relies upon and cites *Whitley*, is itself a two-judge case inasmuch as one judge concurred specially, challenging the portion and division of *Soltow* which had cited *Whitley*. We do not need to cast the shadows of two questionable cases upon the instant case.

DECIDED JANUARY 31, 1989.

M. *Muffy Blue*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Doris L. Downs, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.