## A91A0623. DOBBS v. THE STATE.
(406 SE2d 252)

ANDREWS, Judge.

Dobbs was convicted of two counts of armed robbery, and appeals the judgment entered on the conviction.

1. In his first enumeration of error, Dobbs claims the trial court erred by refusing to sever the two armed robbery counts. Severance is required if offenses are joined solely because they are similar in nature. *Cooper v. State*, 253 Ga. 736, 737 (325 SE2d 137) (1985); *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975); *Wilson v. State*, 188 Ga. App. 779, 780 (374 SE2d 325) (1988). Where, however, the similarity of the offenses reaches the level of a pattern which shows a common scheme, plan or a modus operandi so strikingly similar "that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. (Citations omitted.) *Davis v. State*, 159 Ga. App. 356, 357 (283 SE2d 286) (1981); *Wilson*, supra at 780. In such cases, severance lies within the discretion of the court. *Fluellen v. State*, 163 Ga. App. 425 (294 SE2d 653) (1982).

In the instant case, the armed robberies involved two convenience stores and took place less than one month apart. In each robbery the perpetrator, wearing sunglasses and a hat, approached the cashier, who was alone in the store, and initiated a cash transaction before pulling his gun and reaching across the counter to grab the money. Both cashiers expressed surprise at the well-mannered demeanor and speech of the perpetrator, and both described the handgun used as a type of long-barrelled machine gun. Both cashiers also identified the defendant as the armed robber. We find no abuse of discretion in the trial court's denial of Dobbs' motion to sever the offenses.

2. In enumeration number two, Dobbs argues the trial court erred in failing to grant his motion for a directed verdict on both counts because of a fatal variance between the indictment and the evidence

adduced at trial.

Under OCGA § 16-8-41 (a), "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another *from the person or the immediate presence of another* by use of an offensive weapon. . . ." (Emphasis supplied.) With respect to both counts, the present indictment charges in part that Dobbs did, "with intent to commit theft, take property of another [the convenience stores] *from the person and the immediate presence* [of the store cashiers] . . ." (Emphasis supplied.) Since the indictment uses the conjunction "and" rather than "or," Dobbs contends the State must prove he took property from the person *and* the immediate presence of another. He argues that while the evidence at trial may show money was taken from the store cash register in the immediate presence of the cashier, there was no evidence he took any property from the person of anyone at either robbery. Therefore, he claims the State failed to prove the offense occurred in the manner stated in the indictment.

Even if we accept the defendant's contention that a variance occurred, it was not fatal. A variance between the allegations and the proof is so material as to be fatal only when it deprives the accused of " 'obvious requirements (1) that [he] shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " (Citations omitted.) *De Palma v. State*, 225 Ga. 465, 469-470 (169 SE2d 801) (1969). The defendant was charged with using an offensive weapon to take the property of the two convenience stores. The robberies were accomplished when the store's employees, who were entrusted with possession of the store's property, were held at gunpoint while the property was taken. Even if this was not technically a taking from the employees' persons, any resulting variance did not deprive the defendant of his substantial rights. *Partridge v. State*, 187 Ga. App. 325, 327 (370 SE2d 173) (1988). The trial court did not err in denying the defendant's motion for a directed verdict.

3. In his third enumeration, Dobbs claims the trial court erred by denying his motion in limine to exclude evidence of other robberies attributed to him. Generally, evidence of other criminal acts by the defendant is inadmissible because it tends to place the defendant's character into evidence. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980). However, if the defendant is shown as the perpetrator of an extrinsic criminal act, which is sufficiently similar to the offense at issue so that proof of the extrinsic act tends to prove the offense at issue, then the extrinsic act is admissible if its relevance to show identity, motive, plan, scheme, bent of mind, or course of conduct, out-

weighs its prejudicial impact. *Flournoy v. State*, 186 Ga. App. 774 (368 SE2d 538) (1988); *Johnson*, supra. Admissibility of such evidence is a matter within the discretion of the court. *Brown v. State*, 197 Ga. App. 155, 157 (398 SE2d 34) (1990).

Dobbs was charged in the instant case with two armed robberies occurring in Carroll County on December 31, 1989, and January 23, 1990. The extrinsic criminal acts introduced by the state were armed robberies occurring in Polk County on January 12, 1990, and in Haralson County on January 5, 1990. Dobbs was identified by witnesses to both extrinsic robberies as the perpetrator, and although the strength of these eyewitness identifications varied from definite to probable, there is no requirement that such proof be made beyond a reasonable doubt. *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40) (1983). Dobbs' identity as the perpetrator was sufficiently established to satisfy this requirement for admissibility.

Although the two extrinsic armed robberies were not identical to the offenses at issue, they were sufficiently similar to authorize the trial court to admit the evidence to show identity, motive, plan, scheme, bent of mind, or course of conduct. All four armed robberies occurred at convenience stores within less than a month. In all instances, the robber wore a hat; wore sunglasses (in three of the four robberies); used a handgun similarly identified, not as a typical handgun, but as a long-barrelled weapon; pulled the gun on the cashier after initiating a cash transaction requiring the cashier to use the cash register; reached across the counter for the cash; and fled on foot. On these facts, we find no abuse of discretion in admitting the evidence and denying the defendant's motion in limine. *Durham v. State*, 181 Ga. App. 155, 156-157 (351 SE2d 683) (1986).

4. Fourthly, Dobbs asserts the verdict was contrary to the weight of the evidence. He argues that the testimony of eyewitnesses that he committed the armed robberies at issue was not reliable and should not have been believed. Determining the credibility of witnesses and resolving conflicts goes to the weight of the evidence and is for the jury's consideration. *Holcomb v. State*, 198 Ga. App. 547 (402 SE2d 520) (1991). This court determines only the legal sufficiency of the evidence. Id. Viewing the evidence in a light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. In enumeration of error five, Dobbs contends that he was denied effective assistance of counsel at trial because counsel failed to object to improper remarks and misstatements of fact by the prosecutor during closing argument. The claim of ineffective assistance was not raised in the trial court, and is pursued for the first time on ap-

peal. Where appropriate, claims for ineffective assistance on counsel raised for the first time on appeal are remanded to the trial court for an evidentiary hearing. See *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986). However, in this case the defendant's appellate counsel was also his trial counsel. "[D]efense counsel is precluded from presenting a claim of ineffective assistance of counsel concerning a trial in which he participated due to the ethical prohibition against a lawyer acting as a witness." *McGuire v. State*, 185 Ga. App. 233, 238 (363 SE2d 850) (1987). See *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985). Although the defendant's right to raise ineffective assistance of counsel is not waived under these circumstances, we do not address it because the issue is not properly before this court for consideration. *McGuire*, supra at 238; see *Nixon v. State*, 255 Ga. 656, 657, fn. 1. (340 SE2d 7) (1986).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 28, 1991.

*Michael S. Katz*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.