## A11A1785. RINKS v. THE STATE.
(718 SE2d 359)

ANDREWS, Judge.

Billy Ray Rinks, Jr., was found guilty by a jury of entering an automobile with intent to commit a theft in violation of OCGA § 16-8-18. The State relied on evidence that a co-defendant, Rusty Eugene Self, who pled guilty, directly committed the charged offense, and that Rinks was guilty as a party to the offense. Rinks claims the evidence was insufficient to find him guilty as a party. We find the evidence was sufficient and affirm.

"On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in a light most favorable to the verdict." *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). So viewed, the following evidence was presented to the jury. A witness for the State testified that, as she exited the Rite Aid pharmacy, she saw a man, later identified as Self, smash the window of a parked automobile, reach inside the automobile and grab an item, then get into the passenger side of a black truck idling behind and perpendicular to the automobile, and ride away in the truck. The witness saw a male driver, later identified as Rinks, sitting at the steering wheel of the truck when Self got in the passenger side. The witness wrote down the tag number of the truck and called 911 to report the incident. The owner of the automobile testified that, when she came out of the pharmacy, she discovered that the driver's side window of her automobile had been smashed and her purse had been stolen from the front seat. The owner testified that no one had permission to enter her automobile or to take the purse. After the witness gave police the tag number and a description of the truck and its occupants, police ran a check on the tag and obtained a name and address associated with the tag registration. Police discovered a black truck parked at the address with the matching tag number. When police knocked, Rinks answered the door of the apartment located at the address, denied to police that he had been at the Rite Aid pharmacy that day, then later admitted that he had been there in the truck and heard a window being broken. Rinks denied that anyone else was in the apartment, but a subsequent search produced Self hiding in a closet and the stolen purse in a trash can. Self admitted to police that he was at the pharmacy with Rinks and that he smashed the window of the automobile, took the purse, and returned to the apartment in the truck driven by Rinks. Although Rinks testified at trial that he drove the truck to the pharmacy with Self, and drove from the scene with Self after seeing that Self had smashed the window, Rinks claimed to have no idea that Self planned to commit the offense. Rinks also contradicted the State's eyewitness by testifying that he was walking away from the truck into the pharmacy when Self

smashed the window. Self testified at trial that Rinks, a good friend he had known for 15 years, had nothing to do with the charged offense. The jury found Rinks guilty after considering the evidence and the trial court's charge on the law including instructions on when a defendant may be found guilty as a party to a crime.

A person who is present but does not directly commit a crime may be convicted upon proof that the crime was committed and that such person was a party to it. *Walsh v. State*, 269 Ga. 427, 429 (499 SE2d 332) (1998). "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). A person is concerned in the commission of a crime if he "[i]ntentionally aids or abets in the commission of the crime; or . . . [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime." OCGA § 16-2-20 (b) (3), (4). Mere presence at the scene of a crime, or even approval of the criminal act not amounting to encouragement, will not suffice to show participation in a crime; rather, "[a] common criminal intent must be proven to establish that one is a party to a crime." *Jordan v. State*, 272 Ga. 395, 396 (530 SE2d 192) (2000); *Brown v. State*, 250 Ga. 862, 864 (302 SE2d 347) (1983). "Criminal intent may be inferred from one's conduct prior, during, and after the commission of the crime charged." *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982). Generally, aiding and abetting the commission of a crime requires affirmative action, and a person's mere knowledge that a crime will be committed and failure to take steps to prevent the crime do not amount to aiding and abetting. *Parker v. State*, 190 Ga. App. 126, 127 (378 SE2d 503) (1989). But if the evidence is sufficient for a trier of fact to infer that the person knew about the intended crime and shared in the criminal intent of one who directly committed it, such person is an aider and abettor. Id.

> Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting commission of the crime.

Id. Moreover,

> [e]vidence of a defendant's conduct prior to, during, and after the commission of a criminal act will authorize the defendant's conviction for commission of the criminal act if a jury could infer from the conduct that the defendant

intentionally encouraged the commission of the criminal act.

*Jordan*, 272 Ga. at 396.

Evidence showed that Rinks drove with his friend, Self, to the pharmacy; that he sat at the wheel of the idling truck and waited while Self got out and committed the criminal act in plain view; that he immediately drove from the scene with Self to his apartment where Self hid in a closet when police arrived; and that he lied to police when confronted about the criminal act. There was also evidence that, in contradiction of eyewitness testimony produced by the State, Rinks gave false testimony at trial that he was walking away from the truck when Self smashed the window. The evidence in this case was sufficient for the jury to infer that Rinks intentionally aided, abetted, or encouraged Self's direct commission of the crime, and was guilty beyond a reasonable doubt as a party to the crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED NOVEMBER 29, 2011

*James K. Luttrell*, for appellant.
*David McDade, District Attorney, Rachel D. Ackley, James A. Dooley, Assistant District Attorneys*, for appellee.